(December 10, 1910.)

S. C. McDANIEL et al., Appellants, v. A. W. MOORE, Respondent.

[112 Pac. 317.]

MINING CLAIM—ASSESSMENT WORK—FORFEITURE—CO-OWNERS—APPLICATION FOR PATENT—IMPLIED PROMISE—NONSUIT.

(Syllabus by the court.)

1. Under the provisions of sec. 2324, Rev. Stats. of the United States, where a co-owner of a mining claim fails to do his assessment work or fails to contribute his proportion of the expenditure required in doing such work, his co-owners who have performed the labor may give such delinquent personal notice in writing or by publication, as provided in said statute, and if at the expiration of ninety days such delinquent should fail or refuse to contribute his proportion of such expenditure, his interest in the claim shall be-

come the property of his co-owners who made such expenditures, and the defaulting co-owner is not personally responsible for any part of the assessment work, under the provisions of said section.

2. There is no implied contractual relation between cotenants and tenants in common, and one cotenant cannot bind the other without his consent for the expenses incurred in developing or improving their common mining property; but the delinquent cotenant may ratify such expenditure and thereby become liable for his proportional part thereof.

3. The issues made by the pleadings were whether the defendant had performed or paid his part of the assessment work on said mining claim, and whether a patent was issued to all of the parties to this suit for said mining claim by the government, and this appeal must be decided upon the theory of the case made by the pleading and proof. *Held*, that the evidence shows or tends to show that the defendant failed to pay for his proportional part of the assessment work, at least for the years 1904 and 1905, and for his proportional part of the expense of procuring a patent, and the presumption arising from the issuance of a patent is that all of the requirements of the law in regard to its issuance have been complied with.

4. *Held*, that the evidence tends to establish that there was an implied promise on the part of the defendant to pay his proportionate part of said expenses.

5. On application for a nonsuit, the defendant is deemed to admit all of the facts which the evidence tends to prove.

APPEAL from the District Court of the Second Judicial District, for Idaho County. Hon. Edgar C. Steele, Judge.

Action to recover for assessment work done on a mining claim and for expenses in procuring a patent therefor. Nonsuit and judgment of dismissal. *Reversed.*

L. Vineyard, for Appellants.

On a motion of nonsuit, "the court has no right to pass upon the weight of evidence; every fact that plaintiff's evidence proved or tended to prove must be taken by the court to be proved. It must be taken in the strongest light as against the defendant." (*Purnell v. Raleigh R. Co.,* 122 N. C. 832, 29 S. E. 953; Hayne, New Trial, sec. 117.)

If plaintiff's evidence tended to establish the facts he contended for, it then became an issue of fact for the jury and not a question for the court, and the motion should have been denied. (Hayne, New Trial, sec. 117, and authorities cited.)

"Where one advances money to several persons in furtherance of an engagement they represent themselves to be jointly interested in, they may be sued jointly, notwithstanding one of them asserts that he was not in fact interested.". (27 Cyc. 876, 877; *Goodnow v. Stryker,* 61 Iowa, 261, 16 N. W. 487.)

Whenever a patent to a claim is issued to the patentees, it carries with it the presumption (in every case where the patent is introduced in evidence) that every prerequisite required by law to its issuance was complied with. It is not only *prima facie* evidence, but is primary evidence. The introduction of the patent proves this fact. (*Polk's Lessee v. Wendal,* 9. Cranch (U. S.), 97, 3 L. ed. 669; *Summers v. Dickinson,* 9 Cal. 554; *Yount v. Howell,* 14 Cal. 465; *Durfee v. Plaisted,* 38 Cal. 80; *Upham v. Hosking,* 62 Cal. 250; 1 Snyder on Mines, sec. 742.)

"If a party assumes to act (not for himself) for another without any authority, or. the act exceeds the delegated authority, the subsequent ratification of the principal is obligatory upon him, whether the act be for his detriment or advantage." (*Taylor v. Robinson,* 14 Cal. 401.)

W. H. Casady, for Respondent, files no brief.

SULLIVAN, C. J.—This action was brought to recover $215.55, with interest thereon at the rate of 7%—one-third of the total cost and expense of doing assessment work upon the Tennessee Lode Mining Claim situated in Robbins Mining District in Idaho county, and of procuring a patent from the United States for said mining claim.

The answer admits that the defendant is the owner of an undivided one-third interest in said lode mining claim, and denies that the plaintiffs laid out or expended for assess-

ment work on said mining claim any sum whatever; denies that defendant ever authorized plaintiffs to procure a patent from the government for said mining claim, and avers that defendant performed his proportion of the annual assessment work upon said mining claim for the three years mentioned in said complaint.

Upon the issues thus made the cause was tried by the court with a jury. Plaintiff McDonald testified on behalf of appellants that the respondent Moore owned one-third of said mining claim; that he and Wadham, as coplaintiffs, expended on said claim for the years 1903, 1904 and 1905, one hundred dollars for each year; that they thereafter procured a patent from the government and that the cost of said patent amounting to $345.65 was paid by himself and coplaintiff; that the defendant Moore had refused to pay any part of said expenses and refused to have anything to do with the patent proceedings, stating that "he didn't care to; that there was not $500 worth of work done on said claim."

The deposition of plaintiff Wadham was introduced on the trial in which he testified that said mining claim had been patented and was patented at the expense of McDaniel and himself; that witness had paid $248.90 for patent expenses; that the defendant Moore never contributed or paid any part of this money for the patent. On cross-examination he testified that defendant Moore never agreed nor consented to the procurement of the United States patent for said mining claim and did not to his knowledge protest against its procurement; that he never made any objections to the patent proceedings; that defendant Moore did his proportion of the annual labor for 1903 but did not do his proportion for 1904 and 1905. Plaintiffs' counsel thereupon introduced and read in evidence the patent of the government of the United States to C. V. Wadham, S. C. McDaniel and A. W. Moore for the Tennessee Lode Mining Claim, dated December 16, 1907, which patent describes the claim and states that the patentees had duly entered the claim and had paid for the same as required by law, and had fully complied in all respects with the law in procuring said patent.

Said patent is duly recorded in the record of patents in the recorder's office of Idaho county.    Thereupon plaintiffs rested.

Counsel for respondent moved the court for a judgment of nonsuit, which motion was sustained and judgment of nonsuit entered.    This appeal is from the judgment.

The first error assigned is, that the court erred in granting the motion for a nonsuit.    It is contended by counsel for appellant that the evidence shows the plaintiff expended $645.65 in order to hold and patent said mining claim, one-third of which the defendant is liable for, provided the evidence was relevant and competent to prove an implied liability against the defendant Moore for money paid for annual work done on said mining claim, and to procure a patent therefor in his interest and for his benefit as a co-owner of the claim.

The question presented is: Was the evidence given on behalf of the plaintiffs relevant and competent to support an implied liability against Moore, the defendant?

It is contended by counsel for respondent that respondent cannot be held responsible for the assessment work on an unpatented mining claim, and that the remedy pointed out by sec. 2324, Rev. Stats. of the U. S., is the exclusive remedy in such cases; that the defaulting co-owner is not personally responsible for any part of the assessment work.    As a general proposition, that is true.    Counsel also contends that there is no implied contractual relation between cotenants and tenants in common; that one cotenant cannot bind the other without his consent for the expense incurred in developing and improving the common property, but must recoup, if at all, from the profits derived from the property.    As a general proposition, that contention is correct.    In *Welland v. Williams*, 21 Nev. 230, 29 Pac. 403, the court had under consideration the liability of a cotenant for the cost of improvements put upon the common property, and in the course of the opinion said: "In the absence of an express or implied agreement between cotenants that the expense of improvements made by one of them upon the common property is to be repaid, it is clear, under the authorities, that neither can

maintain an action against the other to recover and portion of such expense. (Freem. Coten., sec. 262; *Calvert v. Aldrich*, 99 Mass. 74, 96 Am. Dec. 693; *Alleman v. Hawley*, 117 Ind. 532, 20 N. E. 441.)'' And held that circumstances may exist which amount to a ratification of such expenditure, and in such case the cotenant is liable. But in the case at bar the question is presented whether there is an implied liability on the part of the defendant to pay to the appellant his proportional part of the cost of the assessment work as well as his proportional part of the cost and expense of procuring the patent. The respondent does not plead in his answer as a defense said sec. 2324, U. S. Rev. Stats., but avers that he has performed his part of the assessment work on said Tennessee lode for the years 1903, 1904 and 1905. He also denies that the plaintiffs procured a patent for said mining claim from the government. The testimony of McDaniels shows that the defendant did not pay his part of the cost of the assessment work for the years 1903, 1904 and 1905, while the testimony of Wadham shows that he did not pay it for the years 1904 and 1905. The testimony clearly shows that a patent was issued to the respondent and the appellants by the general government for said mining claims, and that the plaintiffs paid the cost and expense thereof. The record shows that the respondent contended that sufficient work had not been performed upon said claim to satisfy the requirements of the statute for procuring a patent. But it appears that the government did issue a patent, and the presumption is that all of the requirements of the law had been complied with as to the amount of work required to be done upon the claim before a patent would issue, and that the assessment had been annually done; that the citizenship of the applicants was shown, and that every requirement of the law had been complied with. That being true, there was sufficient evidence introduced on the part of the plaintiffs to show an implied promise on the part of the defendant to pay his proportional part of said expenses. This court has held in a number of cases that a cause should not be taken from the jury on motion for a nonsuit when there is any evidence

whatever tending to establish the material allegations of the complaint, and that after the plaintiff has introduced his evidence and rested his case on application for a nonsuit he admits all of the facts which the evidence tends to prove. (*Later v. Hayward,* 12 Ida. 78, 85 Pac. 494.) The evidence on the part of plaintiff at least made a *prima facie* case.

That being true, the court erred in taking the case from the jury. The judgment must therefore be reversed and the cause remanded for a new trial. Costs are awarded to the appellants.

Ailshie, J., concurs.