(January 17, 1916.)

W. R. GOLDENSMITH and MAUDE E. GOLDENSMITH, Respondents, v. SNOWSTORM MINING COMPANY, LTD., Appellant.

[154 Pac. 968.]

HOMESTEAD LAND — ABANDONMENT—INTENTION—TESTIMONY—CONFLICT OF—PRIOR POSSESSORY RIGHT TO PUBLIC LANDS—TITLE QUIETED.

1. Where it appears that a person has gone into possession of a tract of unsurveyed land of the United States and has fully complied with secs. 4552–4555, Rev. Codes, providing for the settlement upon, and occupancy of, the public domain of the United States in this state, such possession and compliance with the law being shown, abandonment thereof must be made to appear clearly

and conclusively by the party relying on it to defeat the right of the claimant to have his possession in the land quieted.

2.  *Held,* that the temporary absence of a person from a homestead selected in the manner provided by secs. 4552–4555, *supra,* in order to obtain a livelihood or for any other legitimate reason, would not of itself be sufficient proof to establish an abandonment of such homestead.

3.  What constitutes abandonment is a question of intent to be gathered from the facts, and where there is a conflict in the testimony involving the question of abandonment, this court, under the well-established rule, will not disturb the judgment of the trial court on appeal.

4.  *Held,* under the facts in this case, that the appellant, in seeking to defeat respondents' right to possession of an unsurveyed tract of public land of the United States claimed as a homestead under secs. 4552–4555, Rev. Codes, is not in position to raise the question of respondents' failure to apply to the local land office of the United States for entry of this land under the homestead laws after the same was surveyed by the government, since the right of respondents to have possession of the premises quieted against appellant accrued prior to the survey; and, more particularly, in the absence of any testimony showing higher evidence of right to possession or title acquired by appellant from a paramount source.

[As to right of entryman to notice and hearing before cancelation of entry, see note in 75 Am. St. 880.]

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. William W. Woods, Judge.

Action to quiet title. Judgment for plaintiff. *Affirmed.*

John P. Gray and Therrett Towles, for Appellant.

In an action to quiet title plaintiff must succeed only on the strength of his own title, and not on the weakness of his adversary. (32 Cyc. 1329; *Mason v. Gates,* 82 Ark. 294, 102 S. W. 190; *Di Nola v. Allison,* 143 Cal. 106, 101 Am. St. 84, 76 Pac. 976, 65 L. R. A. 419; *Graham v. Lunsford,* 149 Ind. 83, 48 N. E. 627; *Hurley v. Osler,* 44 Iowa, 642; *Townsend v. Trustees of Brookhaven,* 97 App. Div. 316, 89 N. Y. Supp. 982; *Chinn v. Taylor,* 64 Tex. 385.)

If possession is necessary to the maintenance of the action, plaintiff cannot prevail without proof of such possession, where the allegation of possession is denied in the answer. (*Brooks v. Calderwood,* 34 Cal. 563; *Rutz v. Kehn,* 143 Ill. 558, 29 N. E. 553.)

The weakness of plaintiff's title is a good defense in an action to quiet title, whether defendant is in or out of possession.   (32 Cyc. 1343; *Williams v. City of San Pedro,* 153 Cal. 44, 94 Pac. 234.)

A plaintiff in a suit to quiet title cannot recover unless he shows title in himself, even though the defendant is also without title.   (*Sears v. Willard,* 165 Cal. 12, 130 Pac. 869.)

In a suit to quiet title, where plaintiff had no title as against defendants, it is not necessary to determine defendant's rights to the property. (*Elwert v. Reid,* 70 Or. 318, 139 Pac. 918, 141 Pac. 540; *San Francisco v. Ellis,* 54 Cal. 72; *Shelton Logging Co. v. Gosser,* 26 Wash. 126, 66 Pac. 151.)

Under the possessory act of California providing that no person shall be entitled to maintain an action for the possession of any claim, unless he "occupy" the same, no one can maintain such action unless they actually reside on the land.   (*Wolfskill v. Malajowich,* 39 Cal. 276; *Coryell v. Cain,* 16 Cal. 567; *Hinchman v. Ripinsky,* 3 Alaska, 543.)

The possessory act of this state itself plainly says that the claimant must continue to occupy and cultivate the land either in person or by his agent or employee, and "no person is entitled to maintain any such action unless he has complied with all the provisions of this chapter." (*Sweetland v. Froe,* 6 Cal. 144; *Murphy v. Wallingford,* 6 Cal. 648; *Wright v. Whitesides,* 15 Cal. 46; *Feirbaugh v. Masterson,* 1 Ida. 135; *Gird v. Ray,* 17 Cal. 352; *Crowell v. Lanfranco,* 42 Cal. 654.)

An abandonment of a possessory right to land may be inferred from disuse and cessation of occupancy. (*Gluckauf v. Reed,* 22 Cal. 468; *Carroll v. Price,* 81 Fed. 137; *Small v. Rakestraw,* 196 U. S. 403, 25 Sup. Ct. 285, 49 L. ed. 527.)

A homestead settler on unsurveyed public land not yet open to entry must make entry within three months after the filing of the township plat of survey in the district land office. (*Buxton v. Traver,* 130 U. S. 232, 9 Sup. Ct. 509, 32 L. ed. 920.)

A. G. Kerns, for Respondents, cites no authorities.

BUDGE, J.—This is an appeal from a decree of the district court of the first judicial district quieting title in respondents, except as to the paramount title of the United States, to the following described premises:

Beginning at the northwest corner of the Snowstorm mill site Sur. No. 2066 B.; thence N. 78 degrees 14′ W. 441.27 feet to the NW. corner; thence S. 4 degrees 43′ W. 2202.50 feet to the SW. corner; thence S. 78 degrees 14′ E. 441.27 feet to the SE. corner; thence N. 4 degrees 43′ E. 1,893.54 feet; thence N. 84 degrees 42′ W. 10.24 feet; thence N. 6 degrees 20′ E. 363 feet to the place of beginning, containing 22.28 acres more or less.

Respondents commenced this action by filing a complaint against appellant in the above named court on May 28, 1909, claiming that they were the owners, except as to the paramount title of the United States, of the premises described in the complaint, and entitled to the possession thereof, and asking that their title therein be quieted. To this complaint appellant filed its answer and cross-complaint, denying specifically the allegations of the complaint, and setting up in its cross-complaint the ownership and possession of the Sun Light mill site covering the same ground described in respondents' complaint. Thereafter, by permission of the court, appellant filed a supplemental answer in which it set forth, among other things, that respondents were not then, and had not been for more than five years last past, in the possession of said premises, and that they had abandoned and ceased to occupy, cultivate and improve the same, and had not lived upon, occupied, improved or cultivated the same during said period of time; and further set forth that the approved plat of government survey of the lands embracing

said premises was filed in the land office on June 28, 1911, and that respondents, nor either of them had filed his or her declaratory statement to make entry of said premises in the land office within the time provided by law.

Upon the issues thus framed a trial was had resulting in judgment for respondents quieting title in them to the premises described in the complaint.

W. R. Goldensmith, former husband of respondent Maude E. Goldensmith, did not appear on the trial of this cause. However, the record discloses that Maude E. Goldensmith is the real party in interest.

Appellant relies for reversal of this cause upon six assignments of error, which go to the admission of certain evidence by the trial court over the objection of appellant, the action of the trial court in denying appellant's motions for nonsuit, both at the close of respondents' case and when renewed at the close of all of the testimony, the entering of a decree in favor of respondents, for the reason that the same was contrary to the evidence and to law, and the insufficiency of the evidence to sustain the decree.

The action of the court in admitting the testimony offered by respondents during the trial of the cause and complained of by appellant, being immaterial and not prejudicial to any substantial rights of appellant, did not constitute reversible error. (*Bradbury v. Idaho etc. L. Imp. Co.*, 2 Ida. 239, 10 Pac. 620; *Works Bros. v. Kinney*, 8 Ida. 771, 71 Pac. 477; *McKinnon v. McIlhargey*, 24 Ida. 720, 135 Pac. 826.) The remaining five assignments of error will be discussed and considered together.

From the record it appears that appellant applied for a patent for a mill site embracing the land claimed as a homestead by respondents. To this application respondents filed a protest in the United States land office, and proceedings were thereupon had, which terminated on November 16, 1914, in the rejection and cancelation of the mill site application by the Honorable Secretary of the Interior.

The proof upon the trial shows that on January 30, 1908, the premises described in respondents' complaint were oc-

cupied as a homestead by W. A. Bowers and wife, who had resided thereon for a number of years; that respondent Maude E. Goldensmith purchased from Bowers and wife the improvements located on these premises and, during February, 1908, moved into the home formerly occupied by Bowers and wife, and resided thereon continuously, cultivating a small part of the premises, up to and including December, 1910; that after the latter date she temporarily left the premises to seek employment, and remained away for approximately thirteen months, or until about January, 1911, when she again returned to the home, and lived there for a period of seven months; that when she first established her residence upon the premises, she moved into the home all of the furniture owned by her, and the same has never been removed from the place; that this is the only home she has; that her absence was due entirely to the fact that it was necessary for her to seek employment in order to obtain a livelihood; that during her absence, and at various times, she had improvements made upon the home, repairing the fence surrounding the same— and there is testimony to the effect that she left in charge of said premises an agent who looked after the same; that she was separated from her husband and was wholly dependent upon her own labor for a living; that her boy, twelve years of age, was in school in Osburn, where she also lived a portion of the time.

On May 10, 1909, respondent Maude E. Goldensmith made and swore to a notice of possessory claim under the provisions of secs. 4552–4555, Rev. Codes, and this notice was duly recorded with the county recorder of Shoshone county on May 14, 1909. There is a substantial conflict in the testimony touching the value of the improvements placed upon the premises described in the notice of possessory claim, but we think the evidence fully supports the contention of respondents that the improvements placed upon the premises by their predecessors in interest and those subsequently made thereon by respondents were sufficient to comply with the provisions of sections 4552–4555, *supra.*

Counsel for appellant insist that the absence of respondents from the premises and the testimony upon the trial conclusively show an abandonment of the premises by them. With this contention, however, we are not in accord. The temporary absence of a person from a homestead selected in the manner provided by secs. 4552–4555, Rev. Codes, in order to obtain a livelihood, or for any other legitimate reason, would not of itself be sufficient proof to establish abandonment of such homestead.

Abandonment has been defined by the weight of authority to mean the voluntary relinquishment of possession of the premises by the owner with the intention of terminating the ownership, without vesting it in any other person. And in order that a claim of abandonment may be predicated on the acts of the owner of property in relinquishing his possession of the same, it is necessary that such acts should be absolute and unconditional, and also that they should have been done voluntarily; that is, without coercion or pressure of any kind.

In order to justify the conclusion that there has been abandonment of a homestead acquired under the provisions of said sections, there must be some clear, unmistakable, affirmative act or series of acts indicating a purpose to repudiate ownership and right to possession. The abandonment of rights in land does not occur if the person in possession leaves it with the intention of returning. The owner of property, by leaving an agent in charge after he ceases to occupy the premises in person, conclusively rebuts any presumption of abandonment arising from the fact that he ceases to occupy or reside thereon.

Where it appears that a person has gone into possession of a tract of unsurveyed government land and has fully complied with sections 4552–4555, *supra,* providing for the settlement upon, and occupancy of, the public domain of the United States in this state, such possession and compliance with the law being shown, abandonment thereof must be made to appear clearly and conclusively by the party relying on it to defeat the right of the claimant to have his possession

in the land quieted. (*Richardson v. McNulty*, 24 Cal. 339; *Moon v. Rollins*, 36 Cal. 333, 95 Am. Dec. 181; *Utt v. Frey*, 106 Cal. 392, 39 Pac. 807.)

It is apparent from the record in this case, all the way through, that respondent Maude E. Goldensmith never intended to abandon the premises, but, on the contrary, intended to return, and that her absence was due solely to the fact that she was dependent upon her own labor for her support and the maintenance of her son. It further appears that she visited the property upon numerous occasions; that she protected it by having the doors properly secured, the windows boarded up, the fence repaired; that such household effects as she owned and other property were left in the building; and that she exercised during her temporary absence rights of ownership and control over the premises. From her explanation of her temporary absence, her good faith and intention of returning are obvious.

What constitutes abandonment is a question of intent to be gathered from the facts; and where there is a substantial conflict in the testimony involving the question of abandonment, this court, under the well-established rule, will not disturb the judgment of the trial court on appeal.

Counsel for appellant insist that their motion for nonsuit should have been sustained, and that the evidence was not sufficient to support the findings of fact or the decree based thereon. It is a well-settled rule that a motion for nonsuit admits the truth of plaintiff's evidence and every inference of fact that can be legitimately drawn therefrom, and the evidence must be interpreted most strongly against defendant. (*Pilmer v. Boise Traction Co.*, 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254; *Colvin & Rinard v. Lyons*, 15 Ida. 180, 96 Pac. 572; *McDaniel v. Moore*, 19 Ida. 43, 112 Pac. 317.) In view of this rule, and, in the absence of any evidence offered on behalf of the appellant, we are of the opinion that the evidence was amply sufficient to warrant the court in making its findings in favor of respondent and that the evidence was not insufficient to support the decree.

We come now to the last contention of counsel for appellant, viz., the failure of respondents to apply to the land office to enter the premises described in their complaint under the homestead laws of the United States after this land was surveyed by the government, and the plat filed, on June 28, 1911. We do not think that appellant, in order to defeat respondents' right to possession, is in a position to raise this question, since the right of respondents to have the possession of said premises quieted against appellant accrued prior to the date of the survey of said land by the government; and, more particularly, in the absence of any testimony showing a higher evidence of right to possession or title acquired by appellant from a paramount source. The question involved between appellant and respondents here is one of right of possession to the public domain of the United States prior to survey thereof, and even though respondents, as between them and the government, may be trespassers, appellant may not raise that question in this proceeding to establish his right of possession.

From our examination of the record we find no error in the action of the trial court in denying appellant's motion for a nonsuit, and we are satisfied that the evidence offered and admitted is sufficient to sustain the decree and that the decree was not contrary to law. The judgment of the trial court is affirmed and costs awarded to respondents.

Sullivan, C. J., and Morgan, J., concur.