(July 5, 1923.)

H. SCHLEIFF, Appellant, v. C. R. McDONALD, Doing
Business as INTERMOUNTAIN GARAGE, W. L.
RICE and JOSEPH A. DeMAI, Respondents.

[216 Pac. 1044.]

Nonsuit—Grounds of Motion—Reversible Error—Evidence—Scope
of Review on Appeal.

   1. A motion for judgment of nonsuit must specify the ground
relied upon.
   2. A judgment of dismissal or nonsuit will be reversed where
plaintiff has made a *prima facie* case.
   3. On motion for a judgment of dismissal or nonsuit at the
conclusion of plaintiff's case the defendant must be deemed to
have admitted all facts of which there is any evidence and all
facts which the evidence tends to prove and the evidence will
be interpreted most strongly against the defendant.
   4. On appeal from a judgment an assignment of error which
does not affect the judgment will not be reviewed.

APPEAL from the District Court of the Fifth Judicial
District, for Bannock County. Hon. O. R. Baum, Judge.

Action in claim and delivery to recover an automobile.
From a judgment dismissing plaintiff's complaint, plaintiff
appeals. *Reversed.*

William Edens, for Appellant.

By making the motion for nonsuit the "defendant admits
the existence of every fact which tends to prove or which
can be gathered from any reasonable view of the evidence."
(*Later v. Haywood,* 12 Ida. 78, 85 Pac. 494; *Stricker v.
Hillis,* 17 Ida. 646, 106 Pac. 1128; *Pilmer v. Boise Traction
Co.,* 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A.,
N. S., 254.)

H. W. Lockhart and Budge & Merrill, for Respondents, cite no authorities on points decided.

TERRELL, District Judge.—The appellant filed suit in the court below in claim and delivery seeking to recover a certain automobile of the alleged value of $350, claiming to be the owner·and entitled to the possession of the same and otherwise containing the usual allegations pertaining to such an action.

The defendants McDonald and DeMai do not appear in the action. The defendant Rice appears and answers, admitting that he holds possession of said automobile, that he claims some right, title or interest in it; that he refuses to give possession to plaintiff, and denies all other allegations of the complaint.

The defendant Rice for further answer and as an affirmative defense alleges that if said plaintiff had any right, claim or interest in or to the said automobile it was by virtue of a mortgage, and for further answer and as a further affirmative defense the defendant Rice alleges that on February 18, 1919, he tendered to plaintiff $215, claimed to be owing by one DeMai to appellant; and that appellant refused said tender.

The cause came on regularly for trial before a jury. At the conclusion of the appellant's case the respondent Rice moved for a judgment of nonsuit or dismissal of plaintiff's complaint upon the ground that it appeared from plaintiff's exhibits "A" and "B," the same being a bill of sale from DeMai to the appellant and an agreement on the same day by appellant to sell the automobile in question to DeMai that any interest that appellant might have therein would be as a mortgagee, and that appellant could not maintain an action in claim and delivery. Said motion was by the court granted and thereafter a judgment of dismissal of appellant's action as to the defendant Rice was duly entered. From this judgment plaintiff appeals.

Appellant makes the following assignments of error:

1. That the court erred in granting the motion for non-suit and entering judgment of dismissal, for the reason that plaintiff established ownership and right of possession of said automobile in question by competent evidence, and that the evidence of plaintiff was undisputed and further established that defendant Rice had no right, title or interest in and to said automobile.

2. The court erred in refusing to enter a default against DeMai and McDonald, they having made no appearance in said action.

The evidence in the case is brief. Appellant in presenting proof of ownership of the automobile in question offered a bill of sale in evidence without objection which reads as follows:

"This instrument witnesseth, that Joseph A. DeMai for and in consideration of the sum of $190, the receipt whereof is hereby acknowledged, has this day, and does hereby bargain, sell, transfer, and convey unto H. Schleiff, the following property to-wit:

"One automobile, touring type, five passenger Reo make, 1916 model, six cylinder engine complete, with all the tools and apparatuses attached to or in the said automobile. Said automobile car No. 187.

"Said DeMai warrants, covenants and guarantees that said automobile is free, clear and wholly unincumbered, and that he will forever warrant and defend the title thereto against the lawful claims of all persons whomsoever.

"Dated at Pocatello, Idaho, on this 8th day of Jany., 1919.

"(Signed)  JOSEPH A. DeMAI."

"Witness:

The appellant in pleading in his complaint the cause of the alleged wrongful detention of said automobile alleged that the respondents claimed to have some right, title or interest in and to said car by virtue of a certain option contract. This contract was offered in evidence as appellant's exhibit "B" without objection and reads as follows:

"This instrument witnesseth, that for and in consideration of the sum of one dollar, the receipt whereof is hereby acknowledged, H. Schleiff hereby agrees, warrants, guarantees and undertakes to sell, transfer and convey unto Joseph A. DeMai, the property hereinafter described, on the terms hereinafter set out. Said property being described as: (Description identical with description in bill of sale.)

"Said Schleiff agrees, warrants, covenants and undertakes to sell, and convey said property to said DeMai for the sum of $215 cash in hand, provided that the said DeMai shall exercise the right of and elect to purchase hereunder on or before the expiration of thirty days from this date.

"If said DeMai shall fail to make said purchase then all rights under this instrument shall cease, be terminated, and this instrument shall become and be null and void, and of no force and effect.

"At the time of the sale and conveyance, if the same shall be made, said Schleiff warrants, agrees, and undertakes to execute a bill of sale to said DeMai for said property containing covenants and warranties against incumbrances.

"Said Schleiff agrees, warrants and undertakes with said DeMai not to sell, transfer or in any manner incumber said property within said period.

"Witness our hands on this 8th day of Jany., 1919.

"(Signed) H. SCHLEIFF.<br>"JOSEPH A. DeMAI."

The evidence shows that at the time the appellant received the bill of sale of said car he received possession of the same and continued for a number of weeks thereafter to retain possession of it until it was placed in the garage of the defendant McDonald for repairs and it was at this garage at the time of the institution of the suit.

The testimony further shows demand by the plaintiff for the possession of the car and the refusal to deliver, and in fact admittedly makes out a *prima facie* case in favor of appellant, unless the contention of counsel for the respondent Rice is well taken in which he contends that the two instruments herein set out construed together constitute a

mortgage from the respondent DeMai to the appellant, and that appellant's interest in the said automobile being that of mortgagee he cannot maintain an action in claim and delivery. There is no oral proof in the record that tends in any degree to show that the automobile was delivered into the possession of the appellant to secure any debt, so that if counsel's contention in this regard is well taken it must necessarily be so held wholly from a construction of the said bill of sale and option contract herein set out. Counsel for respondent Rice evidently concludes that by reason of the fact that the two instruments appear to have been executed on the same date and relate apparently to the same property, therefore the transaction between the parties is one wherein the appellant becomes a mortgagee and the defendant DeMai a mortgagor of the automobile in question.

We cannot agree with this construction in the absence of any other proof whatever tending to show that the transaction was intended as a mortgage. There is no evidence in the record that the two instruments were executed contemporaneously. It is entirely possible that the appellant may have in good faith purchased the automobile in question for a certain price and that thereafter during the same day he sold or agreed to sell the same automobile to the respondent DeMai at a figure slightly more than he, the appellant, purchased for. For all that we may know, so far as disclosed by the record, DeMai may have concluded that in the first instance he sold the car to the appellant at too low a figure and bought it back or obtained the right so to do on the same day with the expectation of subsequently making a more advantageous sale. It is clear that there is no oral evidence in the record which shows or tends to show that the automobile was given to secure a debt, and there is nothing on the face of the papers taken together, that would justify the court in construing them to constitute a chattel mortgage, or pledge. We have examined the authorities cited by counsel for respondent Rice in support of his contention that a bill of sale of property and an instrument bearing the same date reconveying the same property makes the

transaction a mortgage, but fail to see wherein they are controlling in so far as the construction of the instruments in question in this case is concerned.

Counsel for respondent Rice, in support of his contention that his motion for a nonsuit was properly granted, also points out that Rice made a tender of $215 to the appellant, this amount being the amount which DeMai agreed to pay appellant for the automobile in question in the event, he, DeMai, exercised his option to purchase said automobile from appellant as set forth in appellant's exhibit "B." This question is not properly before the court for the reason that this ground was not specified by counsel for the respondent in his motion for a judgment of nonsuit or dismissal. (*Idaho Mercantile Co. v. Kalanquin,* 7 Ida. 295, 62 Pac. 925.) It is not perceived, however, wherein this contention would be of any advantage to counsel for respondent Rice even if properly raised, unless the record disclosed some relation between the respondent DeMai and the respondent Rice that would justify Rice in making the tender instead of DeMai, and the record does not disclose any such relation, or any relation whatever between Rice and DeMai, but, so far as the record shows, Rice possesses no right whatever by assignment, or otherwise, under the contract between appellant and DeMai, hereinbefore set out as appellant's exhibit "B."

On a motion for a judgment of nonsuit or dismissal after plaintiff has rested and for the purposes of the motion the defendant must be deemed to have admitted all the facts of which there is any evidence and all the facts which the evidence tends to prove. (*Bank of Commerce v. Baldwin,* 12 Ida. 202, 85 Pac. 497.) And this evidence must be and will be most strongly interpreted against the defendant. (*Pilmer v. Boise Traction Co.,* 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254; *Culver v. Kehl,* 21 Ida. 595, 123 Pac. 301; *Southern Idaho Conference Assn. etc., Adventists, v. Hartford F. Ins. Co.,* 26 Ida. 712, 145 Pac. 502; *Goldensmith v. Snowstorm M. Co.,* 28 Ida. 403, 154 Pac. 968; *McAlinden v. St. Maries Hospital Assn.,* 28 Ida. 657,

Ann. Cas. 1918A, 380, 156 Pac. 115; *Donovan v. Boise City,* 31 Ida. 324, 171 Pac. 670.)

Under these rules of construction of the evidence on a motion for a nonsuit and our construction of the exhibits heretofore referred to, we are of the opinion that the appellant made out a *prima facie* case. This court has repeatedly held that it is reversible error to grant a nonsuit where plaintiff has made out a *prima facie* case. (*Kroetch v. Empire Mill Co.,* 9 Ida. 277, 74 Pac. 868; *Adams v. Bunker Hill etc. Co.,* 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844; *Mineau v. Imperial Dredge Co.,* 19 Ida. 458, 462, 114 Pac. 23.)

The appellant's second assignment of error is effectively disposed of by C. S., sec. 7170, which reads as follows: "Upon an appeal from a judgment the court may review the verdict or decision and any intermediate order or decision, if excepted to, which involves the merits or necessarily affects the judgment, except a decision or order from which an appeal might have been taken: *Provided,* that whenever there is substantial evidence to support a verdict the same shall not be set aside."

The appeal in this case is from the judgment of nonsuit or dismissal of plaintiff's complaint in favor of respondent Rice. The refusal of the court below to enter a default against the respondents DeMai and McDonald does not involve the merits nor affect the judgment appealed from and is not reviewable upon this appeal.

For the reasons heretofore assigned the judgment of the trial court is reversed and the cause remanded for a new trial, with costs to appellant.

McCarthy, Dunn, William A. Lee and Wm. E. Lee, JJ., concur.