## H. SCHLEIFF, Appellant, v. C. R. McDONALD, W. L. RICE, and JOSEPH A. DeMAI, Respondents.

[237 Pac. 1108.]

BILL OF SALE AND OPTION TO REPURCHASE — MORTGAGE OR PLEDGE — CLAIM AND DELIVERY—RIGHT OF POSSESSION.

1. Whether the bill of sale and the agreement to repurchase constitute a mortgage or a pledge is, on conflicting evidence, a question of fact in this case properly to be determined by a jury.

2. In an action of claim and delivery the real question in issue is the right to possession of the property in controversy and it is competent for either party to offer evidence to show that the other party did not have the right of possession at the time the action was commenced.

3. An action in claim and delivery may be maintained by one having a qualified property in the goods, if he has the right of possession.

4. Provisions in a chattel mortgage which authorize the mortgagee upon certain contingencies to take immediate possession of the property authorize an action of claim and delivery.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action for claim and delivery. Judgment for defendant. *Reversed and new trial granted.*

William Edens, for Appellant.

A pledgee is entitled to possession of the property pledged. (C. S., secs. 6388, 6389.)

A mortgagee is entitled to possession of mortgaged property as against a third person, where the conditions of the

Publisher's Note.

1. Distinction between pledge and chattel mortgage, see note in Ann. Cas. 1912B, 962.

3. Title necessary to maintain replevin, see note in 1 Ann. Cas. 984.

mortgage have been broken. (*Blackfoot City Bank v. Clements,* 39 Ida. 194, 226 Pac. 1079.)

Budge & Merrill, for Respondents.

The verdict of a jury will not be set aside if the evidence is conflicting. (C. S., sec. 7170; *State v. Shepard,* 39 Ida. 666, 229 Pac. 87; *Roseborough v. Whittington,* 15 Ida. 107, 96 Pac. 437; *Herculith Co., Ltd., v. Gustafson,* 22 Ida. 537, 126 Pac. 1050; *Watkins v. Mountain Home Co-op. Co.,* 33 Ida. 623, 197 Pac. 247.)

GIVENS, J.—Appellant Schleiff sued respondents McDonald, Rice and DeMai to recover possession, or the value of a Reo automobile. McDonald and DeMai defaulted and Rice answered, denying that appellant was the owner and alleging ownership in himself, and that if appellant had any interest in the car it was by way of a mortgage.

A judgment of nonsuit on motion of respondent Rice was granted and thereafter an appeal was taken to this court, which reversed the judgment and remanded the case for a new trial (*Schleiff v. McDonald,* 37 Ida. 423, 216 Pac. 1044), and at the new trial the jury returned a verdict in favor of respondent Rice for a return of the car, fixing its value at $400. From the judgment entered on such verdict this appeal is taken.

Appellant's first three assignments of error,—that the court erred in denying plaintiff's motion for a directed verdict; in submitting the cause to the jury; and in rendering judgment in favor of the defendants,—are all based on the insufficiency of the evidence to support the verdict.

The record discloses that DeMai gave a bill of sale to the automobile in question to Schleiff and received in return an agreement permitting his repurchase of the car for a certain sum within a certain time. DeMai thereafter gave a bill of sale to Rice, Rice therein agreeing to pay Schleiff. Schleiff contends the transaction between him and DeMai was a sale and an option to repurchase. Rice contends that it was a mortgage. Whether the bill of sale and the option to repurchase constituted a mortgage or a pledge presented

an issue of fact to be determined in this case by the jury and the motion for a directed verdict was properly denied. (*Thompson v. Burns*, 15 Ida. 572, 99 Pac. 111; *Idaho Implement Co., Ltd., v. Lambach*, 16 Ida. 497, 101 Pac. 951; *Bergen v. Johnson*, 21 Ida. 619, 123 Pac. 484; *Keane v. Kibble*, 28 Ida. 274, 154 Pac. 972.)

The court admitted in evidence the agreement between DeMai and Rice. If the transaction between DeMai and Schleiff was a mortgage, then DeMai could sell his remaining interest in the car, which, in this case, Rice claims to have purchased, therefore the court was correct in permitting Rice to introduce such evidence to show his ownership, and the testimony of Knowles as to what took place between himself and DeMai, to the effect that DeMai demonstrated and exhibited the car to him, admitted as tending to show possession, was also proper.

The testimony of conversations between certain witnesses was all had in the presence of Schleiff and therefore admissible as tending to show the debt existing between Schleiff and DeMai, all bearing directly on whether or not the original transaction was a mortgage. (*Carstensen & Anson Co. v. Wright*, 25 Ida. 492, 138 Pac. 830; *Idaho Placer Min. Co., Ltd., v. Green*, 14 Ida. 249, 93 Pac. 954.)

Appellant further complains of the action of the court in giving instructions No. 1 and No. 5. A portion of instruction No. 5 was as follows:

"As to the affirmative defense of the defendant Rice to the effect that if the said plaintiff Schleiff has, or had, any right, claim or interest in and to said property it was, and is, by virtue of a mortgage, you are advised that if you should find that the defendant Rice has proven to your minds by a preponderance of the evidence received herein that the transaction, or transactions, as the case might be, that it is alleged that took place between the said Joseph A. DeMai and said plaintiff Schleiff was, or were such, that the plaintiff Schleiff merely loaned DeMai money and held the property in question as security for the loan or debt, then the plaintiff Schleiff would fail in his proof of owner-

ship and the right to the possession of said property, and your verdict should be in favor of the defendant Rice.''

This instruction in effect told the jury that if they found the transaction between Schleiff and DeMai constituted a mortgage, Schleiff was not entitled to possession.

If the transaction was a mortgage the terms and conditions thereof were contained in the bill of sale, given by DeMai to Schleiff, and the agreement to repurchase, which latter limited such right to repurchase to 30 days.

If the transaction constituted a chattel mortgage and the terms of the chattel mortgage were violated by a failure to pay within 30 days and the terms of the instruments constituting the chattel mortgage gave the right of immediate possession to the mortgagee upon breach thereof, then, unless the lien on the automobile had been lost by refusal of the tender (11 C. J., 679), the plaintiff was entitled to possession (*Blackfoot City Bank v. Clements,* 39 Ida. 194, 226 Pac. 1079), and this instruction was erroneous and prejudicial to appellant's rights.

In view of the evidence that the automobile in question was in the possession of Schleiff at the time the agreement to resell to DeMai was given and that Schleiff claimed it remained in his possession or in the possession of the garage where he was having it repaired up until the time of the sale from DeMai to Rice, when Rice and the garage-keeper refused to give possession to Schleiff, whereupon he took possession of it in this action of claim and delivery, this instruction in effect telling the jury that this instrument was either a sale and an option to repurchase or a chattel mortgage entirely overlooked C. S., secs. 6358, 6388 and 6389.

This error is made more apparent by a comparison with and a consideration of the following excerpt from the instructions:

''In connection with the affirmative defense of the defendant Rice, to the effect that on the 8th day of February, 1919, he tendered in currency of the United States $215.00 claimed to be owing by one DeMai to the plaintiff, and that said plaintiff refused said tender, you are advised that this is not a proper matter of defense in an action of claim and de-

livery, where the right to the possession of personal property is being tried out, and you may, therefore, disregard this affirmative defense, and the evidence pertaining thereto.''

Which improperly advised the jury as to their consideration of this tender if made and refused, and its effect upon appellant's claim of lien if the transaction was a mortgage.

Having reached this conclusion and since in the event of the retrial of the case the same situation may not again obtain with reference to the judgment having been merely for the value of the car and not in the alternative, for the possession or its value, we will not comment upon such situation, or the sufficiency of the evidence.

The case is therefore reversed, with instruction to grant a new trial, and it is so ordered. Costs awarded to appellant.

William A. Lee, C. J., Wm. E. Lee and Taylor, JJ., concur.