(No. 4752. February 25, 1928.)

HERMAN SCHLEIFF, Appellant, v. C. R. McDONALD and JOSEPH A. DEMAI, Defendants, and MARY RICE, Administratrix of the Estate of W. L. RICE, Respondent.

[264 Pac. 866.]

BILL OF SALE AND OPTION TO REPURCHASE — MORTGAGE OR PLEDGE — QUESTION FOR JURY—DISCHARGE OF LIEN.

1. In action for claim and delivery of automobile where bill of sale was given for car, question of whether bill of sale was mortgage or sale with option to repurchase *held* for jury.

2. In action for claim and delivery of automobile where bill of sale contained option to repurchase and question arose as to whether transaction was mortgage or sale with option to repurchase, evidence *held* sufficient to support conclusion of jury that transaction was mortgage and not intended to transfer ownership of car.

3. Where bill of sale for automobile containing option to repurchase was executed and jury determined bill of sale was mortgage, tender of amount named in instrument *held* to release lien on car.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action in claim and delivery. Judgment for defendant. *Affirmed.*

William Edens, for Appellant.

It needs no authorities to support the proposition,—that if the bill of sale and contract constituted and were in-

Publisher's Note.

2. Chattel mortgage and conditional sale distinguished, see notes in 1 Am. St. 3; 94 Am. St. 234; 17 A. L. R. 1427; 43 A. L. R. 289. See, also, 5 R. C. L. 325; 24 R. C. L. 446.

See Chattel Mortgages, 11 C. J., sec. 29, p. 421, n. 88; sec. 30, p. 422, n. 93; sec. 452, p. 679, n. 5.

tended as a sale, with option to repurchase, then no other conclusion could be drawn, except that the plaintiff was entitled to judgment. If the transaction was a mortgage, the terms and conditions thereof were contained in the bill of sale, given by DeMai to Schleiff and the agreement to repurchase, which latter instrument limited such right to thirty (30) days. (*Schleiff v. McDonald*, 37 Ida. 423, 237 Pac. 1108.)

If the transaction constituted a chattel mortgage and the terms of the chattel mortgage were violated by a failure to pay within thirty (30) days, and the terms of the instrument constituting a chattel mortgage gave the right of immediate possession to the mortgagee under breach thereof, then unless the lien on the automobile has been lost by refusal of the tender, the plaintiff was entitled to possession. (*Schleiff v. McDonald, supra; Blackfoot City Bank v. Clements*, 39 Ida. 194, 226 Pac. 1079.)

In general a tender of the amount due on a chattel mortgage before maturity and before the mortgagee has taken possession, in order to discharge the lien, must be fairly made, absolutely unconditional and of a sum sufficient to cover the whole amount due.

"Where a refusal of tender is made and this is based on a *bona fide* claim of right, which is believed in by the mortgagee, such refusal, it is held, does not discharge the security." (5 R. C. L. 457, 458.)

In support of this proposition see *Moore v. Norman*, 43 Minn. 428, 19 Am. St. 247, 45 N. W. 857, 9 L. R. A. 55; *Moore v. Norman*, 52 Minn. 83, 38 Am. St. 526, 53 N. W. 809, 18 L. R. A. 359; *Reynolds v. Price*, 88 S. C. 531, 71 S. E. 51.

"If a mortgagee acting in good faith refuses a tender through any mistake as to his legal rights, the lien or the mortgage is not discharged. A mere stranger has no right to tender money to discharge an encumbrance on property or redeem it, but one who has an interest in the property is not a stranger." (2 Jones on Mortgages, sec. 895.)

Merrill & Merrill, for Respondent.

A transfer of property with a contemporary agreement to purchase it back at a certain figure may be shown to have been given merely as security for a deal. (C. S., secs. 6358, 6359; *Bergen v. Johnson,* 21 Ida. 619, 123 Pac. 484; *Keane v. Kibble,* 28 Ida. 274, 154 Pac. 972.)

This rule applies to personal property as well as to real estate and when personal property is involved the transaction may be shown to be a chattel mortgage or a pledge. (*Schleiff v. McDonald,* 41 Ida. 50, 237 Pac. 1108; *Rairden v. Hedrick,* 46 Mont. 510, 129 Pac. 498; *Murray v. Butte-Monitor Tunnel Min. Co.,* 41 Mont. 449, 110 Pac. 497, 112 Pac. 1132.)

Where a debt is secured by a chattel mortgage or a pledge of personal property, a proper tender of the amount due to the mortgagee and a refusal thereof by the mortgagee or pledgee will discharge the lien. (11 C. J. 679; 31 Cyc. 852; *Loughborough v. McNevin,* 74 Cal. 250, 5 Am. St. 435, 14 Pac. 369, 15 Pac. 773; *Schleiff v. McDonald, supra; Casady & Co. v. German Sav. Bank,* 159 Iowa, 149, 140 N. W. 401.)

"In jurisdictions which consider a chattel mortgage simply as a lien, an unconditional tender of the amount due, after default and before foreclosure, discharges the mortgage and revests title in the mortgagor and such tender need not be kept good or brought into court." (5 R. C. L. 458; *Moore v. Norman,* 43 Minn. 428, 19 Am. St. 247, 45 N. W. 857, 9 L. R. A. 55; *Thomas v. Seattle Brewing Co.,* 48 Wash. 560, 125 Am. St. 945, 15 Ann. Cas. 494, 94 Pac. 116, 15 L. R. A., N. S., 1164; *Maxwell v. Moore,* 95 Ala. 166, 36 Am. St. 190, 10 So. 444; *Smith Wogan Hardware Co. v. Bice,* 34 Okl. 294, 125 Pac. 456.)

The verdict of the jury will not be set aside if the evidence is conflicting. (C. S., sec. 7170; *State v. Shepherd,* 39 Ida. 666, 229 Pac. 87; *Herculith Co., Ltd., v. Gustafson,* 22 Ida. 537, 126 Pac. 1050; *Watkins v. Mountain Home Co-op. Irr. Co.,* 33 Ida. 623, 197 Pac. 247.)

BUDGE, J.—This action, in claim and delivery, was instituted by appellant in February, 1919, to recover possession of a certain automobile, alleged to be of the value of $350, appellant claiming to be the owner and entitled to the possession of said automobile. The action was dismissed as to two of the defendants, and respondent answered. The answer denied that appellant was the owner of the car or entitled to its possession, and alleged affirmatively that if appellant had any interest in the car it was by virtue of a mortgage, and that on February 8, 1919, respondent tendered to appellant $215, claimed to be owing by one DeMai to appellant, and that appellant refused the tender.

The cause was removed from the probate court to the district court and came on for trial. A motion for nonsuit, made by respondent, was granted, and judgment dismissing the action against respondent was entered. An appeal was taken to this court by appellant, and the judgment was reversed and the cause remanded for a new trial. (*Schleiff v. McDonald,* 37 Ida. 423, 216 Pac. 1044.) Upon the new trial a verdict was returned for respondent, and appellant perfected another appeal to this court, which again reversed the judgment and remanded the cause for a new trial. (*Schleiff v. McDonald,* 41 Ida. 50, 237 Pac. 1108.) The last trial resulted in a verdict in favor of respondent for a return of the automobile, and fixing its value at $350. Judgment was entered on the verdict, decreeing that appellant return the automobile to respondent, and if delivery thereof could not be had that appellant pay to respondent the sum of $350 with interest. This appeal is from the judgment. It appears that after the action was brought, appellant obtained possession of the car and disposed of it, so that the controversy involves payment of the $350, fixed by the jury as the value of the car. Since the cause was tried the last time, respondent died, and his administratrix has been substituted in his stead.

Appellant claims that he became the owner of the car and entitled to its possession by reason of a bill of sale de-

livered to him by one DeMai, dated January 8, 1919, in consideration of the payment to DeMai of $190. On the same day of the execution and delivery of the bill of sale, appellant entered into a written agreement with DeMai by the terms of which DeMai was given the right to the return of the car upon the payment to appellant of $215, said option to be exercised by DeMai on or before the expiration of thirty days.

Appellant's assignments of error resolve themselves into two propositions, the first of which is whether the transaction between appellant and DeMai constituted a sale of the automobile to appellant with an option to repurchase, or amounted to a mortgage or pledge of the property. In the opinion handed down by this court on the first appeal it was stated that without oral proof to show that the automobile was delivered into the possession of appellant to secure any debt, the contention that the two instruments executed by and between appellant and DeMai constituted a mortgage must be so decided from the construction of those instruments, and the court declined to say that the two instruments standing alone, that is, the bill of sale and the agreement by which DeMai could repurchase the car within thirty days, were intended to make the transaction a mortgage. In the opinion handed down on the second appeal it was said that whether the bill of sale and the option to repurchase constituted a mortgage or pledge presented an issue of fact to be determined by the jury. Now the question is whether the evidence is sufficient to show the transaction to have been a mortgage or pledge, the jury having found to that effect by its verdict in favor of respondent.

While appellant testified that he took charge of the car immediately after the delivery of the bill of sale therefor to him by DeMai, and authorized no one to use it between the time he acquired it and when he went to the garage to get it some time afterward, there is considerable testimony in the record showing that during the thirty-day period after the execution and delivery of the bill of

sale and the option agreement DeMai had possession of the car, running it from day to day and trying to sell it to other parties. The witness Knowles testified that DeMai offered to sell the car to him, that he rode in it with DeMai during this period when DeMai was demonstrating it to him, and that DeMai said to him in the presence of appellant that he, DeMai, owed appellant $215 on the car and that if Knowles purchased it he would have to pay appellant the $215, and that appellant said he would have to have his money. This witness also corroborated respondent as to a conversation which took place between appellant and respondent at the garage where the car was stored, wherein appellant said he had $215 coming to him for the car and if he did not get it the next day he was going to take the car. At that time, respondent testified, appellant called the owner of the garage aside and asked him why he was so anxious to sell the car when appellant was giving him just as much not to sell it. The next day, according to respondent, appellant came for the car and respondent informed him that he had been told by DeMai to pay appellant $215 (respondent having stated previously that he had entered into an agreement with DeMai for the purchase of the automobile). Respondent said appellant produced a note and said, "If you take that car you will have to pay this note," handing respondent a note signed by DeMai. Respondent told appellant that the note was not then due, that he had no right to pay it, but that if appellant would get an order from DeMai respondent would just as soon pay appellant as DeMai. Respondent then tendered appellant $215 in currency, which appellant refused to accept. Respondent saw DeMai running the car during the thirty-day period after the delivery of the bill of sale to appellant and rode in it with DeMai while the latter was trying to sell it to Knowles.

Appellant testified that about two weeks after the transaction with DeMai whereby the bill of sale was delivered, he had an oral understanding with DeMai that the car might be taken to the garage for repairs and that in case DeMai

45 Idaho—40

repurchased the car he would pay appellant the amount of money it would cost to have it repaired in addition to the agreed repurchase price. Appellant said the car was repaired and that he paid the bill, and has not been reimbursed therefor. Respondent and his witnesses denied that appellant ever said anything about any bill for repairs to the car, and that the only amount he demanded in addition to the $215 tendered by respondent was $30 for the note of DeMai's which he held. Appellant admitted that he did not testify in the former trials of the cause about any agreement with DeMai as to the payment of any repair bill, but stated that his reason for not doing so was that he had not been asked about it.

In support of his claim to the car, respondent introduced in evidence a bill of sale made out to him by DeMai on February 8, 1919. This instrument recites that DeMai borrowed $190 from appellant, to secure the payment of which the bill of sale to appellant was executed and delivered, and that the transfer to respondent was subject to the indebtedness due from DeMai to appellant.

[1, 2] It being a question for the jury to determine from the evidence adduced, of which the foregoing is a part, whether the transaction between appellant and DeMai constituted a mortgage or pledge of the property (*Schleiff v. McDonald,* 41 Ida. 50, 52, 237 Pac. 1108), we think they were justified in concluding, and that the evidence is sufficient to support the conclusion, that the bill of sale executed by DeMai in favor of appellant was not intended to transfer ownership in the car. And it was held in *Schlieff v. McDonald, supra,* that respondent's evidence as outlined above was proper for the purpose of showing that the transaction between appellant and DeMai was a mortgage, and to prove ownership in respondent.

[3] This brings us to the second proposition suggested by appellant, namely, whether the tender to appellant by respondent of the $215 released the lien of the mortgage or pledge. The jury having determined that the transaction between appellant and DeMai constituted a mortgage or

pledge, DeMai could sell his remaining interest in the car (*Schleiff v. McDonald*, 41 Ida. 50, 237 Pac. 1108), and it was permissible for the purchaser thereof, respondent, to make a tender to appellant of the amount of his lien. The fact that the tender was made before the execution of the bill of sale to respondent would not affect its validity, an agreement in writing not being necessary to give respondent an interest in the property. Appellant testified that he declined the tender for the reason that DeMai had orally agreed to pay him an additional amount for repairs made on the car. It does not appear that appellant so testified in the two former trials of the cause, and respondent and his witnesses testified that he made no such demand. We are of the opinion that the evidence is sufficient to sustain the conclusion that respondent had the right to make the tender, that it was adequate in amount, and unconditional, and that appellant was not justified in refusing it, and that as a result of these facts the property was discharged of the lien. (11 C. J. 679.)

The judgment is affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.