(No. 6015.   December 19, 1933.)

N. J. DEICHERT, Appellant, v. A. G. EUERBY, Respondent.

[27 Pac. (2d) 981.]

F. C. Keane, for Appellant.

Chas. E. Horning, for Respondent.

MORGAN, J.—May 13, 1930, appellant, to evidence indebtedness he owed respondent, gave him his promissory note and, to secure the payment thereof, pledged to him two diamond rings and gave him a mortgage on an automobile. February 20, 1931, the debt being due and unpaid, respondent, by agreement between the parties, took title to the rings and, in consideration thereof, credited $500 toward the payment of appellant's indebtedness. As part of that transaction appellant gave respondent an instrument, in form a bill of sale for the automobile, and respondent gave appellant an instrument in form a conditional sale contract which provided, in effect, that if the latter should pay the former, in eight monthly instalments, on the dates therein specified, the amount of the indebtedness which remained unpaid, after deducting the value of the rings, his title to the automobile would become absolute. The automobile remained in appellant's possession, and the original note was surrendered to him. He paid four of the instalments, but defaulted in the payment of the others and, on December 5, 1931, respondent took possession of the car and traded it for a truck. This action was commenced to recover the value of the automobile. At the close of testimony adduced on behalf of appellant respondent moved for a nonsuit, which was granted and judgment in his favor was entered, from which this appeal was taken.

Appellant contends the bill of sale and conditional sale contract were given to secure the payment of his indebted-

ness to respondent, and constitute a chattel mortgage. The nonsuit was granted on the theory that evidence adduced on behalf of appellant showed he gave respondent the bill of sale and thereby paid and extinguished his indebtedness, and respondent then sold the automobile to him and the bill of sale and conditional sale contract did not constitute a mortgage, but that each of these instruments was what it appears on its face to be.

The testimony of appellant, taken as a whole, tends to show the bill of sale and conditional sale contract were executed and delivered to secure the payment of the balance he owed respondent after deducting the $500 credited on the debt when title to the rings was transferred in part payment. A portion of his testimony, on cross-examination, taken alone, tends to show the bill of sale was made in payment of the debt, and the conditional sale contract evidenced an agreement that respondent would transfer title to the automobile to appellant upon the performance of the conditions thereof by the latter, and might repossess it in the event of his failure to perform said conditions. Apparently the action of the court sustaining the motion for nonsuit is based, largely, on this fragment of the evidence. It is as follows:

Q. Now, Mr. Deichert, isn't it a fact that on the 20th day of February, 1931, you executed a bill of sale in Wallace, Idaho, by which you conveyed that automobile to Mr. Euerby?

"A. I did this way—

"Q. Just answer the question. Did you or did you not?

"A. Yes, sir.

"Q. Let me ask you this further. Isn't it a fact that on the same date you and Mr. Euerby entered into a conditional contract of sale by which he agreed to convey that car back to you upon your payment of the sum of $428.30 on monthly installments?

"A. Yes."

That testimony tends to show the bill of sale and conditional sale contract were not considered security for the

payment of money and are not to be construed to be a mortgage. However, appellant further testified:

"Q. And isn't it a fact that you had possession of the automobile after February 20, 1931, under that conditional sales contract?

"A. That conditional sales contract, I signed that in order to secure Mr. Euerby with the car. I didn't know whether that was a conditional sales contract at all.

"Q. You didn't know?

"A. No.

"Q. Where was you when you signed it?

"A. In your office.

"Q. You didn't know what it was?

"A. No.

"Q. You didn't read it?

"A. No.

"Q. You didn't have any idea what it was?

"A. I know I signed some papers in order to secure Euerby."

With respect to the conversation leading up to the execution of the bill of sale and conditional sale contract, he testified:

"A. The conversation was this, I went to Euerby and I said to him, I owe you this money, I am pretty hard up right at the present time, and he says to me, Well, how about those diamonds, and I said to him, What will you allow me for them diamonds, I want to get this straightened up; he says, I don't know, how is five hundred dollars and I says they ought to be worth more than that. I said, If you will allow me five hundred and give me time on the balance, and he said he would. He said, Well, I will have the papers fixed up and give you time on the rest of it."

As a part of appellant's case respondent was called for cross-examination pursuant to the provisions of I. C. A., sec. 16–1206, permitting a party to a civil action to be examined by the adverse party as if on cross-examination, and allowing his testimony to be rebutted by the party

so calling him. His testimony, taken as a whole, tends to support his contention that the bill of sale and conditional sale contract do not constitute a mortgage, but he testified, in part, as follows:

"Q. You state you had a conditional sales contract on this car?

"A. Yes, sir.

"Q. And how did you come to give a conditional sales contract on the car?

"A. Because Mr. Deichert wanted the car to use it and he gave me the bill of sale, that is why I gave him the conditional sales contract, so he could pay it on easy payments.

"Q. At that time Mr. Deichert owed you some money?

"A. When he gave me the bill of sale.

"Q. He gave you the bill of sale with the understanding he was to have the use of the car?

"A. Yes.

"Q. It was done for the purpose of giving you security for the payment of your balance, wasn't it?

"A. Yes."

I. C. A., sec. 44–801, defines a mortgage as follows:

"Mortgage is a contract by which specific property is hypothecated for the performance of an act without the necessity of a change of possession."

I. C. A., secs. 44–804 and 44–805, are as follows:

44–804. *"Transfers deemed mortgages.* Every transfer of an interest in property other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage, except when in the case of personal property it is accompanied by an actual change of possession, in which case it is to be deemed a pledge."

44–805. *"Defeasance may be shown by parole.* The fact that a transfer was made subject to defeasance on a condition, may, for the purpose of showing such transfer to be a mortgage, be proved (except as against a subsequent purchaser or encumbrancer for value and without notice), though the fact does not appear by the terms of the instrument."

The question of whether a bill of sale of property and a conditional sale contract with respect to the same property are to be construed an absolute conveyance from one party to another, and a contract to reconvey from the latter to the former, or whether they constitute a mortgage, is, in an action at law where the evidence is conflicting, for the jury. (*Schleiff v. McDonald*, 37 Ida. 423, 216 Pac. 1044, 41 Ida. 50, 237 Pac. 1108, 45 Ida. 620, 264 Pac. 866; *Isaak v. Journey*, 52 Ida. 392, 15 Pac. (2d) 1069.)

In determining whether or not a nonsuit should be granted, the evidence must be considered as a whole, and the action of the court is not to be based on isolated portions of it.

A motion for nonsuit admits the truth of plaintiff's evidence and of every fact which it tends to prove or which can be gathered from any reasonable view of it, and he is entitled to the benefit of all inferences in his favor which the jury would have been justified in drawing from the evidence had the case been submitted to it. (*Donovan v. Boise City*, 31 Ida. 324, 171 Pac. 670, and cases therein cited. See, also, *Marshall v. Gilster*, 34 Ida. 420, 201 Pac. 711; *Maryland Casualty Co. v. Boise Street Car Co.*, 52 Ida. 133, 11 Pac. (2d) 1090.)

Applying this rule to the facts disclosed by the record in this case, a nonsuit should not have been granted.

Respondent contends the motion for nonsuit was properly granted because appellant did not tender the sum of money due and unpaid on his indebtedness, nor did he offer to have it deducted from the value of the automobile, and that he is not, for this reason, in position to urge that the bill of sale and conditional sale contract are to be construed to be a mortgage.

In making this contention the fact that respondent had disposed of the automobile seems to have been lost sight of. It would be vain and useless to offer to pay an indebtedness secured by mortgaged property to one not in position to restore it to the mortgagor, freed from the incumbrance. This is an action for conversion, and if appellant has de-

manded more than he is entitled to recover, that fact will not prevent the recovery of whatever amount he is able to show himself to be entitled to.

The judgment is reversed, with direction to grant a new trial. Costs are awarded to appellant.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.