(November 14, 1900.)

## IDAHO MERCANTILE COMPANY v. KALANQUIN.

[62 Pac. 925.]

MOTION FOR NONSUIT—GROUNDS OF MOTION.—A motion for a nonsuit must specify particularly the point relied upon for such nonsuit, and thus call the attention of the court and opposing party to the grounds of the motion.

PRIMA FACIE CASE.—It is error to grant a nonsuit where the plaintiff has made a *prima facie* case.

ACTS AND DECLARATIONS OF PARTIES.—It is error to exclude evidence of the acts and declarations of the parties to a contract that tend to prove the contract alleged in the complaint.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

Charles L. Heitman, for Appellant.

A party moving for nonsuit must state in his motion the precise grounds on which he relies, and a motion not complying with this rule, but stated in general terms, should be denied. (*Miller v. Luco,* 80 Cal. 237, 22 Pac. 195; *Loring v. Steuart,* 79 Cal. 201, 21 Pac. 651; *Coffey v. Greenfield,* 62 Cal. 608; *Shain v. Forbes,* 82 Cal. 582, 23 Pac. 198; *Gardiner v. Schmaelzle,* 47 Cal. 588.) Appellant submits that the court erred in sustaining the motion for a nonsuit on the further ground that the second cause of action set up in the plaintiff's complaint was admitted by the defendant in his answer, and in open court, during the progress of the trial, defendant admitted that the amount claimed to be due by plaintiff in its second cause of action had been at one time due and owing from defendant to plaintiff, and defendant claimed that said indebtedness had been paid, but defendant introduced no proof to show that said indebtedness had been paid or wiped out in any manner whatever. (2 Greenleaf on Evidence, sec. 516; 18 Am. & Eng. Ency. of Law, 253; *Lisman v. Early,* 15 Cal. 199; *Caulfield v. Sanders,* 17 Cal. 569; *Lovelock v. Greeg,* 14 Colo. 53, 23 Pac. 86; *Lerche v. Brasher,* 104 N. Y. 157, 10 N. E. 58; *Clarke v. Mullen,* 16 Neb.

481, 20 N. W. 642; *Tootle v. Maben,* 21 Neb. 617, 33 N. W. 264.) The plaintiff made out a *prima facie* case, and the motion for nonsuit should have been overruled even as to the first cause of action in plaintiff's complaint. (Idaho Rev. Stats., sec. 4354; *Black v. Lewiston,* 2 Idaho, 254, 13 Pac. 80; *Kansteiner v. Clyne,* 5 Idaho, 59, 46 Pac. 1019; *Robbins v. Kimball,* 55 Ark. 414, 29 Am. St. Rep. 45, 18 S. W. 457; *Watkins v. Grear,* 52 Ark. 65, 11 S. W. 1021.)

Willis Sweet and John B. Goode, for Respondent.

It is a cardinal rule that the proofs offered must correspond with the allegations. In this case there was a material variance between the character of the contract alleged and the one sought to be proven. This was ground for nonsuit unless plaintiff obtained leave to amend his complaint so as to make it conform to his proofs, and this he failed to do. (*Tomlinson v. Monroe,* 41 Cal. 94; *Johnson v. Moss,* 45 Cal. 517; *Gilman v. Bootz,* 63 Cal. 120.) A motion for nonsuit may be made orally, unless a statute require motions of this description to be written. (6 Ency. of Pl. & Pr. 880; *Milton v. Denver etc. R. Co.,* 1 Colo. App. 307, 29 Pac. 22.) It is submitted that the rule invoked by counsel does not require anything more than that the ground of the motion be so stated as to be apparent to the court. That it was so stated must be concluded from the fact that the court granted the motion. (*Daley v. Russ,* 86 Cal. 117, 24 Pac. 867; *Miller v. Wade,* 87 Cal. 410, 25 Pac. 487.)

SULLIVAN, J.—This action was brought to recover $1,072.28, stated in two causes of action. It appears from the record that the respondent (who was defendant in the court below) entered into a contract with the Northern Pacific Railway Company, whereby he agreed to furnish said company thirty-five thousand ties at the rate of twenty-four cents for first-class and seventeen cents for second-class ties, and thereafter, on the fifteenth day of November, 1898, the respondent entered into a contract with the appellant corporation, the Idaho Mercantile Company, whereby it was to have an equal share in all profits and losses that might accrue from the sale of said thirty-five thousand ties to the Northern Pacific Company. The appellant

agreed to and did furnish the tie choppers and others engaged in making and delivering said ties such tools, clothing, provisions, and forage as they might need while getting out and delivering said ties. Before the completion of the delivery of said ties the respondent entered into another contract with said railway company, whereby he agreed to furnish to said company a large number of ties greatly in excess of said thirty-five thousand, and entered into a verbal contract with the appellant corporation continuing the terms of the first contract, and making them applicable to the second contract of respondent with the railway company. It is alleged in the amended complaint that the appellant kept and performed its part of said two contracts, and furnished supplies to the persons who manufactured and delivered said ties to the railway company. It is alleged that the respondent neglected, failed, and refused to deliver or pay over to appellant one certain voucher, amounting to the sum of $1,111.78, received by him from said railway company, on said tie contracts, as by said contracts made with appellant he had agreed to do. And for a second cause of action it is alleged that appellant advanced cash and sold goods to respondent at his request to the amount of sixty-two dollars and sixty-five cents. The respondent answered, and set up a counterclaim amounting to $1,276.97. The cause was tried by the court with a jury, and at the conclusion of plaintiff's evidence the respondent moved for a nonsuit, which motion was granted, and judgment of nonsuit was entered, from which judgment this appeal was taken.

The first error assigned is, the court erred in granting the motion for a nonsuit, as said motion failed to specify the point or ground on which said motion was based. The motion referred to was orally made, and the transcript shows it to be as follows: "At this time the defendant moved for a nonsuit herein, and the jury was duly admonished and excused during the argument." We think the rule well settled that a nonsuit cannot stand unless the ground upon which it is supported was called to the attention of the court and the plaintiff at the time the motion is made; or, in other words, the moving party must specify particularly the points relied on for such nonsuit, and

thereby call the attention of the court and opposite party to such point or points. The reason of the rule is obvious. If the attention of the court and opposing party is called to the specific point relied upon, opportunity might be then and there given for the removal of the objection relied upon for the nonsuit, and the objection removed. (*White v. Rio Grande Railway Co.*, 22 Utah, 138, 61 Pac. 568; *Gardiner v. Schmaelzle*, 47 Cal. 588; *Miller v. Luco*, 80 Cal. 257, 22 Pac. 195; *Shain v. Forbes*, 82 Cal. 582, 23 Pac. 198; *Flynn v. Dougherty*, 91 Cal. 669, 27 Pac. 1080, 14 L. R. A. 230.) We have examined the evidence contained in the record, and are of the opinion that the appellant made a *prima facie* case as to both causes of action, and the court erred in granting a nonsuit.

It was error to exclude the evidence tendered by the appellant to prove the oral contract alleged in the complaint. All acts and declarations of the parties offered and tending to prove or establish the oral contract alleged in the complaint should have been admitted on the trial, and it was error to exclude such evidence. The judgment must be reversed, and it so ordered. Costs are awarded to the appellant.

Huston, C. J., and Quarles, J., concur.