CONFECTIONERS' MACHINERY & MANUFACTURING CO. v. RACINE ENGINE & MACHINERY CO.

(Circuit Court, E. D. Wisconsin. June 15, 1908.)

1. EQUITY—AMENDMENT OF BILL—MISTAKE IN DESCRIPTION OF PARTY.
     A Massachusetts corporation directed its solicitor to institute a suit for infringement of a patent of which it was owner. Such corporation had succeeded one having precisely the same name, but organized under the laws of Delaware, and through a mistake of fact the solicitor described the complainant in the bill as a corporation of Delaware, but, on the fact appearing in the evidence, by leave of court amended the bill to conform thereto, and the case proceeded to final hearing. *Held*, that the amendment did not change the cause of action, but merely cor-

rected a mistake of fact; that the Massachusetts, and not the Delaware, corporation, was in fact the complainant from the beginning; and that the amendment did not necessitate a dismissal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, §§ 561–563.]

2. JUDGMENT — PRIOR ADJUDICATION — PERSONS CONCLUDED — SUIT FOR INFRINGEMENT.

A decree adjudging the validity and infringement of a patent in a suit in which the manufacturer of the alleged infringing article, although not a party to the record, assumed and conducted the defense, employing counsel and paying the costs, is conclusive as to such issues as between a purchaser of the patent pending the suit, and a corporation which succeeded to the business, rights, and liabilities of such manufacturer, and, in fact, paid the final costs and counsel fees in such suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1193.

Operation and effect of decision in equitable suit for infringement of patent, see note to Westinghouse Electric & Manufacturing Co. v. Stanley Instrument Co., 68 C. C. A. 541.]

3. SAME—RES JUDICATA—MATTERS CONCLUDED.

A decree is not the less conclusive on the issues made by the pleadings and determined because a party has failed to produce evidence on some of such issues.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1251.]

In Equity. On final hearing.

This is a final hearing in equity. The bill is based upon letters patent No. 449,668, alleges infringement of claims 1, 2, 3, and 4, and prays an injunction and an accounting. The patent has expired during the pendency of the suit, but jurisdiction is retained under the authority of Beedle v. Bennett, 122 U. S. 71, 7 Sup. Ct. 1090, 30 L. Ed. 1074. The bill also sets up a prior adjudication in the district of Massachusetts, wherein all seven claims of the patent were decreed to be valid, and wherein the question of infringement was determined, which adjudication is alleged to be final and conclusive of all questions raised in the present litigation, and that the present defendant is thereby estopped from asserting its present contentions. The answer is in effect a general denial.

The title to the patent in suit was acquired by a Minnesota corporation of the same name as the defendant in 1891. September 22, 1900, a new corporation was organized under the laws of the state of Delaware, having the same name as the present plaintiff, and expressly organized for the purpose of taking over the assets, property, and good will, and continuing the business, of such Minnesota corporation. The parties in interest were the same and the officers were the same as in the Minnesota corporation. The patent in suit was transferred with other assets. Thereafter the plant and factory of said corporation were transferred to Springfield, Mass., for business reasons, and in October, 1905, a third corporation was organized with the same name, under the laws of the commonwealth of Massachusetts, for the purpose of acquiring the property and transacting the business of its predecessor. All the property, choses in action, and assets of every name and nature, including the patent in suit, were transferred by the Delaware corporation to the Massachusetts corporation; the persons in interest and the officers remaining the same. One Page has been the president and general manager of these three corporations. The business has been carried on without change or interruption, and has covered the manufacture of machines under the patent in suit.

The history of the defendant corporation and the various successions in interest may be stated as follows: Thomas Kane & Co. was a copartnership carrying on the business of manufacturing machinery at Racine, Wis. Mr. Peil and Mr. Kane owned the controlling interest in the firm, and have continued to be in control of such business during the successive changes in

organization. About September, 1902, the partnership was merged into a corporation known as the "Racine Machinery Manufacturing Company," and the present defendant, a corporation, is the successor of such former corporation. Mr. Peil, the president of the present corporation, owned or controlled 96 per cent. of the stock of the defendant corporation. Mr. Naylor, the secretary and treasurer of defendant, was an officer of the first corporation, and was an employé of the copartnership. The same line of business has continued without interruption; the machines alleged to infringe being one of its products. On April 3, 1903, the Delaware corporation, then being the owner of this patent, filed a bill in equity in the Circuit Court of the United States for the District of Massachusetts against a concern known as Kibbe Bros. Company of Springfield, Mass., charging infringement of the patent in suit, and praying for relief by way of injunction and an accounting, etc. Kibbe Bros. appeared and filed an answer on the 26th day of May, 1903; Richard P. Elliott, Esq., appearing as defendant's solicitor. A replication was filed June 29, 1903. The case went to final hearing before Judge Lowell, whose opinion is in evidence herein. The final decree in that case adjudged, first, that the patent in suit, No. 449,668, as to all its claims, seven in number, is a good and valid patent; second, that Neal A. Clecher was the original and first inventor of the invention described and claimed in said patent; third, that the complainant, the Confectioners' Machinery & Manufacturing Company, is the lawful owner of said letters patent; fourth, that the defendant Kibbe Bros. Company has infringed the claims of said letters patent and upon the rights of the complainant under the same; fifth, that the complainant recover of said defendant its costs of the suit; sixth, that a perpetual injunction be issued against the defendant Kibbe Bros. Company, its officers, attorneys, agents, etc., according to the prayer of the bill. The answer of the Kibbe Bros. Company put in issue the validity of the patent and complainant's title thereto, and denied infringement. In pursuance of such decree a perpetual injunction was issued and served upon Kibbe Bros. Company, and is still in force. The machine involved in the Kibbe Bros.' suit was made by Thomas Kane & Co., and by it sold to Kibbe Bros. Company in March, 1902. In October, 1902, the first Racine corporation undertook and agreed with Kibbe Bros. Company to take charge of any suit that might be brought for infringement. After the filing of the bill in that suit, the first Racine corporation April 16, 1903, wrote Kibbe Bros. that they had taken over the management of the suit, and would pay all expenses of such litigation. The entire conduct and control of said suit was assumed by the first Racine corporation, and continued until the dissolution of such corporation. The defendant corporation on the 17th of January, 1906, paid the costs taxed against Kibbe Bros. Company in such suit. The fees and charges of Mr. Elliott, defendant's solicitor were also paid partly by the first corporation, and partly by the second. Kibbe Bros. sustained none of the expenses and had nothing to do with the management of the litigation. Mr. Peil, as president of both Racine corporations, appears to have had charge of the defense throughout. Under the advice of Mr. Elliott, the defendant's solicitor, no appeal was taken. No evidence appears to have been offered on the hearing in that suit by the defendant on the question of infringement.

The present suit was brought January 9, 1907. The present complainant employed Mr. Quinby as its solicitor to bring this suit and draft the bill for it. He inadvertently described the corporation complainant as being organized under the laws of Delaware, whereas, in truth and in fact, the patent in suit was then the property of the Massachusetts corporation; the names of the two corporations being identical. The mistake was not discovered until the proofs of title were offered. At the close of the complainant's prima facie case, Mr. Page, the president of the complainant, and Mr. Quinby, made affidavits explaining how the mistake was made, and thereupon complainant asked leave to amend the bill by striking out the words "State of Delaware," and by inserting in lieu thereof "Commonwealth of Massachusetts," with certain other corresponding changes. Such motion was resisted by defendant, but was granted by the court upon the condition that it recall for further cross-examination any witness or witnesses who gave evidence for the complainant in the prima facie case that defendant might desire to have pro-

duced. Thereupon the defendant asked leave to amend its answer, which leave was granted, and the parties proceeded to complete their proofs and prepared the case for final hearing.

William Quinby, for complainant.

Winkler, Flanders, Bottum & Fawsett (F. E. Dennett, of counsel), for defendant.

QUARLES, District Judge (after stating the facts as above). The defendant, having duly excepted to the order allowing the amendment of the bill of complaint, renews its contention that the legal effect of such amendment was to bring in an additional party, and that the defendant is entitled to a dismissal of the bill.

It is further argued that the suit abated when the Delaware corporation was dissolved, and that the Delaware corporation never was possessed of this cause of action, as the event has proven. This contention is, of course, predicated upon the theory that the Delaware corporation was in the first instance the actual complainant, in which event the position of the counsel would be sound. The doctrine is familiar that a complainant may not, under the guise of an amendment, abandon the entire case made by his bill and present a new and different case. The case of Shields v. Barrow, 17 How. 144, 15 L. Ed. 158, is perhaps the leading case, and great reliance is placed upon it by defendant's counsel. We are content with the rule as there laid down:

"Amendments can only be allowed when the bill is found defective in proper parties, in its prayer for relief, or in the omission or mistake of some fact or circumstance connected with the substance of the case but not forming the substance itself; or for putting in issue new matter to meet the allegations of the answer."

In my opinion the amendment did not change the cause of action, but within the rule above stated simply corrected "a mistake of fact connected with the substance of the case," and that it did not work a substitution of parties. That it was a pure mistake or inadvertence must be evident, because, first, the Delaware corporation did not then own the patent; second, the infringement alleged was not available in a suit by the Delaware corporation. It is not conceivable that it was intended to name the Delaware corporation the complainant under such a state of facts. Furthermore, it was the Massachusetts corporation that actually brought the suit. It retained Mr. Quinby for that purpose, and instructed him to sue in its behalf. This Mr. Quinby undertook to do, but, being unfamiliar with dates and facts with which he had to deal, a copy of the bill in the former suit brought by the Delaware corporation against Kibbe Bros. Company on the same patent was furnished as a guide and source of information. In framing the bill he carelessly followed the allegations of the former bill, as to citizenship, designating complainant as organized under the laws of Delaware. The mistake was not discovered by Mr. Page, who verified the bill, or by the attorneys on either side, until the proofs of title disclosed the error. The Massachusetts corporation is here by its correct name, and no change in that regard was necessary; but the place of its existence was erroneously set out. It has often been held

that a defect in the statement of citizenship may be corrected by amendment, although it may be vital on the question of jurisdiction. Howard v. De Cordova, 177 U. S. 609, 614, 20 ·Sup. Ct. 817, 44 L. Ed. 908.

Indeed, such an amendment was made in Shields v. Barrow, supra. In the original bill the defendant, Robert Shields, was described as a citizen of Louisiana. By an amendment he was described as a citizen of Mississippi. Such amendment was passed over without criticism by the court. In Needham v. Washburn, Fed. Cas. No. 10,082, suit was brought for an infringement of a patent against the defendants as co-partners; but the proof showed that the defendants and others had been organized as a corporation of the same name or designation as the firm. Mr Justice Clifford, who presided, disregarded the mistake, and proceeded to hear the case on the merits, because, as he suggested, the bill might be cured by amendment. In Foster's work on Federal Practice, § 163, it is laid down that in a suit brought in the federal court an amendment may be allowed setting forth the facts that are essential to federal jurisdiction. It is apparent that the amendment has worked no prejudice to the defendant. It has wrought no change in the nature or scope of the defense. It was simply effectuating the intention of the parties, and in my judgment was within the legitimate exercise of judicial discretion. The Tremolo Patent, 23 Wall. 518, 527, 23 L. Ed. 97. By leave of court both parties amended their pleadings and proceeded to complete the proofs. Mr. Foster, in his work on Federal Practice, § 168, says:

"When both parties have conducted the case as if the pleadings contained certain allegations therein omitted, an amendment inserting such allegations may be made at almost any stage of the case."

Under these circumstances, it would be extremely technical to require the complainant to go out of court, and institute a new suit. For these reasons the contention of defendant is overruled.

This brings us to the consideration of the estoppel which is set up against the defendant. As to the proposition of law involved, the case is ruled by Eagle Mfg. Co. v. Moline Plow Co. (C. C.) 50 Fed. 195, and the same case in the Circuit Court of Appeals of this Circuit (57 Fed. 992, 6 C. C. A. 673). The comprehensive and lucid opinion pronounced by Judge Jenkins in that case must be accepted as a statement of the law which is final and conclusive here. It would, therefore, be idle to discuss the numerous authorities cited from other circuits.

The only question remaining, then, is whether the proofs here submitted bring the case within the rule. The point is made by the defendant that the estoppel is not available to the present complainant because it purchased the patent before the former adjudication was made, and therefore it cannot be held to be privy within the meaning of the law. The point is not well taken. The date upon which the proposition must turn is the commencement of the suit against Kibbe Bros. Company, and not the date of the adjudication therein. Carroll v. Goldschmidt, 83 Fed. 508, 27 C. C. A. 566. The case upon which the defendant predicates its contention is Ingersoll v. Jewitt, 16 Blatchf. 378, Fed. Cas. No. 7,039. A loose expression in the opin-

ion, taken by itself, would seem to support defendant's position; but a careful examination of the case will show that the opinion was expressly predicated upon the authority of Freeman on Judgments, § 162, where the learned author lays down the rule as follows:

"That no one is privy to a judgment whose succession to the rights of property thereby affected occurred previously to the institution of the suit."

The distinction here raised was unimportant in the Blatchford Case, because there the licensee acquired title eight months before the commencement of the suit out of which the alleged estoppel arose. It is probable that the agreement of the first Racine corporation with Kibbe Bros. Company to maintain the suit at its own expense was also binding upon the present defendant, its business successor. However that may be, the adoption by the defendant of the policy of its predecessor as to the Kibbe suit, the payment by it of the taxed cost and fees of counsel, with full knowledge of the facts, are in and of themselves sufficient to establish privity as matter of law. Rumford Chemical Works v. Hygienic Chemical Co. (C. C. A.) 159 Fed. 436.

The defendant contends, however, that certain of the issues were not contested in the Kibbe Bros.' suit, and that as to such issues the decree is not conclusive; citing Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195. It is unnecessary to open up again the discussion as to the true interpretation of this famous opinion because the evidence shows that Mr. Elliott appeared at the hearing for defendant and cross-examined the witnesses. He also filed a printed brief on the final hearing, which is in evidence here, wherein he says:

"Defendant offered no evidence in defense, believing that complainant had failed to prove the infringement alleged in the bill of complaint."

He thereupon discussed the evidence and cited many authorities, claiming that the defendant was entitled to a decree dismissing the bill. This amounts to a contest, although no affirmative proof was elicited. The concluding paragraph of Judge Jenkins' opinion in the case above cited would seem to dispose of this proposition. "The decree of the court is not the less conclusive because a party has failed to produce all the evidence at command, or because of newly discovered evidence."

The only ground for asserting a difference in the issues in the two cases is that all the claims of the patent were involved in the Kibbe suit, while here only four of the seven claims are in issue. Certainly, as to the claims common to both suits, the estoppel must prevail.

For these reasons I am constrained to hold that the defendant is estopped and precluded from raising the issues which it so elaborately presented, as to the validity of the claims of this patent, and as to infringement; and that the complainant is entitled to a decree for an accounting in accordance with the prayer of its bill, with costs. The patent having expired, no injunction can issue in the case. It is so ordered.