(December 4, 1922.)

S. E. LOWARY, Appellant, v. ROSCOE E. TUTTLE and E. J. HENDRICKS, Respondents.

[210 Pac. 1006.]

CLAIM AND DELIVERY—NONSUIT.

> *Held,* that plaintiff established a *prima facie* case and the court erred in granting nonsuit.

APPEAL from the District Court of the Fifth Judicial District, for Power County. Hon. Robert M. Terrell, Judge.

Action in claim and delivery. Judgment of nonsuit. *Reversed.*

S. L. Baird and B. W. Davis, for Appellant.

The motion for a nonsuit admits the truth of all record facts, including ownership, or at least a claim of ownership, and, if not actual, constructive possession, and right to immediate actual possession of the property in controversy, in the appellant. From the record it must also be admitted as true that the defendants and respondents are "naked trespassers, who have taken the property and retain the same without a shadow of justification." Upon such record, the motion should have been denied. (*Kansteiner v. Clyne,* 5 Ida. 59, 46 Pac. 1019; *Kroetch v. Empire Mill Co.,* 9 Ida. 277, 74 Pac. 868; *McAlinden v. St. Maries Hospital Assn.,* 28 Ida. 657, Ann. Cas. 1918A, 380, 156 Pac. 115; *Darville v. Mayhall,* 128 Cal. 617, 61 Pac. 276; *Bickerstaff v. Doub,* 19 Cal. 109; *Kane v. Desmond,* 63 Cal. 464; *Hussey v. Blaylock,* 21 Okl. 220, 95 Pac. 773.)

Bissell & Loofbourrow, for Respondents.

Conclusive presumption that sale is fraudulent arises when it is not accompanied by immediate delivery and actual and continued change of possession. (*Howe v. Johnson,* 107 Cal. 67, 75, 40 Pac. 42; *Cahoon v. Marshall,* 25 Cal. 197; *Harris v. Harris,* 59 Cal. 623; C. S., sec. 5434.)

BUDGE, J.—This action was brought by appellant to recover the possession of certain machinery alleged to have been taken by respondents and for damages for the wrongful taking. In the event delivery could not be had, appellant alleged the sum of $300 to be the reasonable value of said personal property and prayed judgment for that amount. Respondents admitted the taking and seek to justify on the ground that E. J. Hendricks, as constable, levied upon and took said property into his possession under and by virtue of an execution against the property of one C. O.

Dickerson, on a judgment obtained by respondent, Roscoe E. Tuttle, against the said C. O. Dickerson and his wife. The cause was tried in the district court to a jury and at the close of appellant's evidence, on motion of respondents, a nonsuit was granted and judgment entered against appellant. This appeal is from the judgment and appellant specifies as error the granting of the motion for nonsuit and the entry of judgment of dismissal.

It appears from the evidence that C. O. Dickerson, son-in-law of appellant, was desirous of purchasing the personal property in question from the Leader Hardware Company of American Falls. The latter company refused to enter into a sale of the property unless appellant joined with his son-in-law in the execution of the conditional sale note. Appellant complied with this request and executed the note. However, at and prior to the time that appellant executed said conditional sale note it was understood and agreed between the said Dickerson and appellant that in the event appellant was compelled to pay the note, he (appellant) should become the owner of the property and the title to the property thereafter should remain in him until such time as Dickerson reimbursed him for the payment of the note. Appellant was compelled to pay the note but was not reimbursed by Dickerson.

The evidence tends to show that the property was delivered by the Leader Hardware Company and was taken to appellant's home by Dickerson and later taken to what is known as the Tuttle Ranch. Later, under instructions from appellant, Dickerson removed the property to Roy, Idaho. When the property was levied upon it was not in the possession of Dickerson but had been removed to Roy and was in the constructive possession of appellant. Appellant's evidence made out a *prima facie* case of both ownership and possession. This being true, the court clearly erred in granting the motion for nonsuit. (*Kroetch v. Empire Mill Co.*, 9 Ida. 277, 74 Pac. 868; *Kansteiner v. Clyne*, 5 Ida. 59, 46 Pac. 1019; *Idaho Mercantile Co. v. Kalanquin*, 7 Ida. 295, 62 Pac. 925; *McAlinden v. St. Maries*

*Hospital Assn.,* 28 Ida. 657, Ann. Cas. 1918A, 380, 156 Pac. 115.)

As was said in the case of *Black v. City of Lewiston,* 2 Ida. 276, 13 Pac. 80: " . . . . the plaintiff should not be nonsuited unless it appears that the evidence in his behalf, upon the most favorable construction that the jury would be at liberty to give it, would not warrant a verdict for him."

See *McAlinden v. St. Maries Hospital Assn., supra,* at page 667, wherein it is held that the court should not take the case from the jury unless, as a matter of law, no recovery can be had upon any view which can properly be taken of the evidence.

The judgment is reversed. Costs are awarded to appellant.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.