## MOTOR EXCHANGE et al. v. COMMERCIAL INV. CO.

No. 20535. Opinion Filed Sept. 22, 1931.

Bicking & Wilson, for plaintiffs in error.

Mason, Williams & Lynch, for defendant in error.

HEFNER, J. This is an action in conversion brought by Commercial Investment Company against Motor Exchange and C. R. Hunter to recover damages because of an alleged conversion of an automobile. The trial was to the court, resulting in a judgment in favor of plaintiff.

Defendants appealed and assigned as error the overruling of their demurrer to the evidence.

The facts are substantially as follows: Ed Hill, on the 1st day of May, 1925, who was then a resident of Greenwood county, Kan., executed a mortgage on an automobile there located to Schoeb-Wilson Motor Company, which company assigned the mortgage to plaintiff. The mortgage was filed for record in the office of the register of deeds of Greenwood county, Kan., on the 15th day of May, 1925. Hill thereafter removed the automobile to Oklahoma and sold it to Mrs. W. R. Castle. Defendant motor company purchased the automobile from Mrs. Castle on the 29th day of June, 1925, and on the 13th day of August, 1925, the motor company sold it to its codefendant Hunter, who thereafter sold and transferred the automobile to another. The automobile was removed by Hill to Tulsa county and there sold by him. Plaintiff did not file its mortgage in this state.

Defendants contend that they are not liable because plaintiff failed to file its mortgage in Tulsa county; that the filing of the mortgage in Greenwood county, Kan., did not operate as constructive notice to them because the mortgage was not filed in this state within 120 days as provided by section 7651, C. O. S. 1921. This contention cannot be sustained. The automobile was purchased by defendant motor company and resoid by it to Hunter within 120 days from the date of its removal to this state. The filing of the mortgage in Greenwood county, Kan., operated as constructive notice to subsequent purchasers in this state for a period of 120 days after the removal of the property without the filing of the mortgage in the county in this state to which the property was removed. Morgan v. Stanton Auto Co., 142 Okla. 116, 285 P. 962; Cassity v. First Nat. Bank in Tonkawa, 143 Okla. 42, 287 P. 392.

The mortgage was not attested as provided by the laws of this state and defendants contend that it is for this reason void as to them. Plaintiff pleaded and proved that under the laws of the state of Kansas such attestation was not necessary to its validity. It is also proved that the mortgage was properly executed and filed under the laws of that state, and that it was valid as to third parties under the laws thereof. This being true, it is valid here. It would not, however, operate as constructive notice to subsequent purchasers in this state without being here filed for a period longer than 120 days. The mortgage not having been filed in this state, if defendants had purchased the property after the 120-day period

without notice of plaintiff's mortgage, it would have taken title free from the lien thereof. The evidence, however, is conclusive that they purchased and converted the property to their own use within that period. They are therefore guilty of conversion.

Defendants further contend that their demurrer should have been sustained for the reason that plaintiff failed to plead and prove a demand prior to the bringing of the action. The evidence establishes that the defendants denied plaintiff's claim of title and asserted ownership and title in themselves. A demand was therefore not necessary. In the case of Cassity v. First Nat. Bank, supra, this court said:

"Where defendant denies plaintiff's title to personal property, and claims by pleading and proof ownership and right to possession in himself, he cannot defeat recovery on the ground that plaintiff did not plead and prove demand before suit."

This case disposes of this contention.

Defendants further contend that the filing of the mortgage in Greenwood county, Kan., was not constructive notice to them for the reason that plaintiff failed to establish that the automobile was located in that county and that Hill there resided at the time the mortgage was executed. Plaintiff, without objection, introduced in evidence a statement signed by Hill at the time he executed the mortgage stating that the property was then located in Greenwood county, Kan., and that he was a resident of that county and state. This evidence sufficiently establishes the location of the automobile and Hill's residence.

Plaintiff requests that judgment be rendered in this court against defendants and their sureties on the supersedeas bond. A copy of the bond executed by defendants, as principals, and G. C. Aucutt and J. T. Torrence, as sureties, appears in the case-made. Plaintiff's request is granted.

Judgment was rendered in the trial court in favor of plaintiff and against the defendants for the sum of $300, with interest thereon at the rate of six per cent. per annum from August 13, 1925. It is therefore ordered, considered, and adjudged that the plaintiff, Commercial Investment Company, a corporation, have and recover against Motor Exchange, a corporation, and C. R. Hunter, as principals, and G. C. Aucutt and J. T. Torrence, as sureties, on the supersedeas bond, the sum of $300, with interest thereon at the rate of six per cent. per annum from August 13, 1925, until paid, and all costs of the suit.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, and McNEILL, JJ., concur. CLARK, V. C. J., and ANDREWS and KORNEGAY, JJ., absent.