(No. 6028.   October 17, 1933.)

J. A. CARVER, Administrator of the Estate of E. G. ROBERT, Deceased, Appellant, v. I. J. KETCHUM, Respondent.

[26 Pac. (2d) 139.]

F. E. Tydeman, for Appellant.

W. H. Witty, for Respondent.

BUDGE, C. J.—This action is one in conversion. The cause was tried by the court and a jury upon the amended complaint of appellant and respondent's amended answer. At the close of appellant's evidence a motion for nonsuit was sustained and judgment was entered thereon, from which judgment this appeal is prosecuted.

Appellant assigns as error the action of the trial court in granting the motion for nonsuit, in dismissing the action and in considering matters not raised by defendant's motion for nonsuit.

The first ground of defendant's motion for nonsuit is "that the complaint in this case does not state facts sufficient to constitute a cause of action." Appellant's contention is that the insufficiency of the complaint is not a ground upon which a motion for nonsuit can be predicated, while respondent's position is that where the insufficiency of the complaint is challenged by demurrer or answer, the answer alleging the insufficiency, and either or both are overruled by the court, the insufficiency of the complaint is a ground for nonsuit.

 I. C. A., sec. 7–705, provides: "An action may be dismissed, or a judgment of nonsuit entered, in the following cases: . . . . " and the cases enumerated do not

cover the objection that the complaint does not state facts sufficient to constitute a cause of action. In other words, the insufficiency of the complaint is not a ground upon which a motion for nonsuit may be based. (*Ludwig v. Ellis,* 22 Ida. 475, 126 Pac. 769; *Strong v. Western Union Tel. Co.,* 18 Ida. 389, 109 Pac. 910, Ann. Cas. 1912A, 55, 30 L. R. A., N. S., 409; *Mole v. Payne,* 39 Ida. 247, 227 Pac. 23.) We do not understand that an allegation in the answer that the complaint fails to state a cause of action can be considered as a demurrer to the complaint, nor that the objection to the introduction of any evidence constitutes a ground for a nonsuit, particularly in view of the fact that the grounds are statutory and exclusive. (I. C. A., sec. 7–705.)

The second ground of the motion for nonsuit is "that the plaintiff has not made a *prima facie* case here sufficient to go to the jury." The motion did not point out the particulars wherein the evidence was insufficient, as this court has held is a requisite when insufficiency of the evidence is relied on. (*Idaho Mercantile Co. v. Kalanquin,* 7 Ida. 295, 62 Pac. 925; *Mole v. Payne, supra; Coulson v. Aberdeen-Springfield Canal Co.,* 39 Ida. 320, 227 Pac. 29; *Magee v. Hargrove Motor Co.,* 50 Ida. 442, 296 Pac. 774.)

Defendant urged as the third ground for his motion for nonsuit "that the plaintiff has wholly failed to establish title to the property involved in this case sufficient to go to the jury." On August 13, 1930, Robert commenced an action against the Norton Gas & Oil Company and others to replevy the property herein involved. During the pendency of the replevin action, and on November 1, 1930, the Norton Gas & Oil Company executed a note, and as security therefor executed a chattel mortgage upon the property herein involved, in favor of respondent and delivered the same to him. On June 23, 1931, judgment was entered in the replevin action in favor of Robert. Respondent foreclosed his chattel mortgage and claims title thereunder, admitting that the judgment rendered and entered in favor of Robert and against the gas and oil company was

binding and an adjudication of the ownership and right to the possession of the property in Robert as against the oil company. Appellant, having taken the note and chattel mortgage by virtue of which he seeks to establish ownership in the property, subsequent to the filing of the action by Robert against the Norton Gas & Oil Company, became a privy of the Norton Gas & Oil Company and acquired no greater right, title or interest in and to the mortgaged property than the Norton Gas & Oil Company had at the time the note and mortgage were executed and delivered to him. The rule would seem to be that every person is a privy to a judgment or decree who has succeeded to an estate or interest held by one who was a party to such judgment or decree, if the succession accrued subsequent to the commencement of the action. Privity to the judgment in such case implies a relationship by succession or representation between the parties to the second action and the party to the prior action in respect to rights adjudicated in the first action. (34 C. J. 984; *Smith v. Kessler*, 22 Ida. 589, 127 Pac. 172.) In *Confectioners' Mach. & Mfg. Co. v. Racine E. & M. Co.*, 163 Fed. 914, 918, it is held:

"The date upon which the proposition must turn is the commencement of the suit . . . . and not the date of the adjudication therein."

The title of Robert and his right to possession of the property under his judgment would relate to the date of the commencement of the action and not merely from the date of the judgment decreeing the ownership to be in him. Appellant, having attempted to acquire title to the property by foreclosure, subsequent to the filing of the suit by Robert, thereby became a privy to the judgment subsequently entered in favor of Robert and was bound by that judgment.

In addition to the introduction of the judgment, to which reference has been made, there was further testimony to the effect that Robert bought the property; that he used it at the well; and that it had been provided by agreement that he should furnish the property, consisting of oil-well casing and other equipment used in connection therewith. No

inference could be drawn from the evidence submitted upon this phase of the case that would justify the conclusion that Robert was not the owner and entitled to the possession of the property involved. At least there was sufficient evidence to overcome the assault of the motion for nonsuit.

The fourth ground of the motion for nonsuit recites: "That the plaintiff wholly failed to prove any conversion of the property on the part of defendant in this case, no act having been proven no overt act having been proven by the plaintiff showing a conversion by the defendant in this case." Respondent urges that three essential elements in conversion are lacking, namely: lack of intention, lack of wrongful or tortious taking, and a failure of demand on the part of plaintiff. It appears that on or about April 2, 1931, the property here involved, as well as other property, was at the Norton Gas & Oil Company's well, at which time the chattel mortgage given to respondent was foreclosed, and that respondent became the purchaser and took constructive possession of all the property described in the chattel mortgage, including the alleged property of Robert. Thereafter respondent placed a watchman in charge of the property, including that here involved, and later directed its removal for safekeeping to the home of one Coffin, a short distance from the well. Furthermore, respondent hired one Hogey to remove the casing from the well, and a portion thereof was removed and a part, damaged in the attempt to remove it, was left in the well. On May 27, 1931, respondent commenced an action against one William Udelazitz to replevy a part of the well casing involved in this action, alleging that on or about the fifteenth day of May, 1931, he was and now is the owner, in the possession and entitled to the possession of the property. Respondent foreclosed his mortgage on the property, took constructive possession thereof, exercised dominion over it, claimed title, possession and the right to possession to be in himself, and denied all rights of plaintiff. In *Schlieff v. Bistline,* 52 Ida. 353, 357, 15 Pac. (2d) 726, 728, this court recites with approval the following definitions of conversion:

" 'Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial or inconsistent with his rights therein, such as a tortious taking of another's chattels, or any wrongful exercise or assumption of authority, personally or by procurement, over another's goods, depriving him of the possession, permanently or for an indefinite time. The act must be essentially tortious, but it is not essential to conversion sufficient to support the action of trover that the defendant should have complete manucaption of the property, or that he apply the property to his own use, if he has exercised dominion over it, in exclusion of, in defiance of, or inconsistent with the owner's right.' (26 R. C. L. 1098, sec. 3.)

"In other words, conversion is a dealing by a person with chattels not belonging to him, in a manner inconsistent with the rights of the owner. The supreme court of Oregon has carefully defined the rule in *Lee Tung v. Burkhart*, 59 Or. 194, 116 Pac. 1066, as follows:

" 'A conversion, in the sense of the law of trover, consists either in the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising dominion over it, in exclusion or in defiance of the plaintiff's right, or in withholding the possession from the plaintiff, under a claim of title, inconsistent with his own.' "

The established rule would appear to be that where there has been a positive act of dominion over the property of another, if such act was unauthorized by the owner of the property, the intention of the defendant, his good or bad faith, his knowledge, or his mistake, however innocently and honestly made, are immaterial. (28 Cyc. 2010, 2011; 26 R. C. L. 1111, sec. 21; *Edwards v. Jenkins*, 214 Cal. 713, 7 Pac. (2d) 702.) The rule is thus stated in 24 Cal. Jur. 1022, sec. 3:

"Conversion is a tort and to establish it there must be a tortious act,—some act of ownership or exercise of dominion over the property of another in defiance of his rights. It is not necessary that there should be a manual

taking, an application to the use of the *tort-feasor*, a destruction, changing or transferring of the property; nor, where there is an act of ownership or dominion is the knowledge or intent of the *tort-feasor* material. Therefore, neither good nor bad faith, neither care nor negligence, neither knowledge nor ignorance, is of the gist of the action. . . . . ''

As before stated, respondent urges that a demand on the part of plaintiff was an essential element to establish conversion. There was evidence that defendant denied plaintiff's claim of title, and asserted ownership and title in himself. A demand was therefore not necessary. (*Motor Exchange v. Commercial Inv. Co.*, 151 Okl. 176, 3 Pac. (2d) 178; *Burnett v. Edw. J. Dunnigan, Inc.*, 165 Wash. 164, 4 Pac. (2d) 829; 38 Cyc. 2032–2037; 24 Cal. Jur. 1032.)

██ The last ground of the motion for nonsuit is ''that the plaintiff has wholly failed to show by competent testimony sufficient to go to the jury that any value, by any regular proof, of the value of the property in this case has been made.'' There is testimony that the casing was of the value of 65 to 67 cents per foot and that the tools were worth $75. Respondent in his replevin action, wherein he sought to recover the casing sold by Norton, alleges and affirms that the casing is worth $1 per foot. It would therefore seem to follow that there was some evidence of value, which value is a question of fact for the jury.

██ ██ Upon a motion for nonsuit the question presented is not whether plaintiff has supported the allegations of his complaint by a preponderance of evidence but whether he has made a *prima facie* case. (*Colgrove v. Hayden Lake Irr. Dist.*, 40 Ida. 489, 235 Pac. 434; *Schlieff v. McDonald*, 37 Ida. 423, 216 Pac. 1044; *Lowary v. Tuttle*, 36 Ida. 363, 210 Pac. 1006; *Culver v. Kehl*, 21 Ida. 595, 123 Pac. 301.)

We are of the opinion that appellant came well within the rule and that the evidence was sufficient as against a motion for nonsuit, in view of which the trial court erred in granting the motion.

The judgment is reversed and the cause remanded, with instructions to the trial court to overrule the motion for nonsuit.   Costs awarded to appellant.

Givens, Morgan, Holden and Wernette, JJ., concur.