(No. 6262.   March 12, 1936.)

A. IVAN THOMPSON, Appellant, v. J. O. WALKER and
FLORA TOWNE, Respondents.

[55 Pac. (2d) 1300.]

Orland & Goff, for Appellant.

A. L. Morgan, for Respondent Walker.

J. H. Felton, for Respondent Towne.

GIVENS, C. J.—Respondent Walker sold certain real property to appellant, respondent, Mrs. Towne, releasing her second mortgage on the property for a certain consideration, appellant assuming and agreeing to pay a first mortgage due the Federal Land Bank. Thereafter appellant brought this suit to recover $699.50, one year's delinquent interest which he was compelled to pay on the first mortgage, on the ground that the respondents had falsely and fraudulently represented that there were no past due payments of interest, contrary to the true facts. A nonsuit was granted on

the theory that there was no allegation or proof that the land so purchased was not reasonably worth the full amount appellant paid plus the amount sued for herein; in other words, that there was no allegation that the property was of less value than the price paid, relying on *Frank v. Davis,* 34 Ida. 678, 203 Pac. 287, *Smith v. Neeley,* 39 Ida. 812, 231 Pac. 105, and *Smith v. Johnson,* 47 Ida. 468, 276 Pac. 320.

██ Those cases and the rule announced are not applicable herein, because this action does not involve the value of the property but in effect an alleged misrepresentation as to the price to be paid. The rule as to the measure of damages in such a case is well settled in 27 C. J. 101, sec. 250, as follows:

" . . . . Where in the sale of mortgaged property there is a false representation as to the amount of interest due and unpaid on the mortgage, damages are properly measured by the amount of unpaid interest which the purchaser is compelled to pay as a result of the fraud."

supported by the cases cited in note 80 of the text, and note in 26 A. L. R. at 534; note in 8 L. R. A., N. S., 804 at 810; 27 R. C. L. 385, sec. 87; note in 123 Am. St. at 788; Smith on The Law of Frauds, p. 322, sec. 299, note 48; *Robbins v. Nelsen,* 70 Colo 504, 202 Pac 707; *Brunnell v. Carr,* 76 Vt. 174, 56 Atl. 660; *Crane v. Schaefer,* 140 Ill. App. 647; *Love v. McElroy,* 106 Ill. App. 294; *Haight v. Hayt,* 19 N. Y. 464; *Simmons v. Aldrich,* 41 Wis. 241. This theory was also recognized in *Goody v. Maryland Casualty Co.,* 53 Ida. 523, 25 Pac. (2d) 1045.

██ Appellant also assigns as error the insufficiency of the motions for nonsuit. Since the motions were improperly granted as indicated above, it is unnecessary to pass upon this point further than to call attention to the rule frequently mentioned in this court, that motions for nonsuit should specify wherein the evidence is insufficient. (*Carver v. Ketchum,* 53 Ida. 595, 26 Pac. (2d) 139; *Magee v. Hargrove Motor Co.,* 50 Ida. 442, 296 Pac. 774; *Coulson v. Aberdeen-Springfield Canal Co.,* 39 Ida. 320, 325, 227 Pac. 29; *Mole v. Payne,* 39 Ida. 247, 227 Pac. 23; *Idaho Mercantile Co. v. Kalanquin,* 7 Ida. 295, 62 Pac. 925.) The importance of this is disclosed herein because Mrs. Towne contended that there

were additional reasons to those urged by respondent Walker supporting the nonsuit in her favor, yet she merely adopted Walker's motion. Since the case has to be remanded for a new trial it is unnecessary to discuss further these contentions made by respondent Towne, no authorities being cited in connection therewith nor argument made in the briefs. (*Davenport v. Burke,* 27 Ida. 464, 149 Pac. 511; *Hardy v. Butler,* 39 Ida. 99, 226 Pac. 669; *Nelson v. Johnson,* 41 Ida. 703, 243 Pac. 649; *Farrar v. Parrish,* 42 Ida. 451, 245 Pac. 934; *McGrath v. West End Orchard & Land Co.,* 43 Ida. 255, 251 Pac. 623; *Estate of Fisher,* 47 Ida. 668, 279 Pac. 291; *Merchants Trust Co. v. Davis,* 49 Ida. 494, 290 Pac. 383; *Harris v. Chapman,* 51 Ida. 283, 5 Pac. (2d) 733; *Winton Lumber Co. v. Kootenai County,* 53 Ida. 539, 26·Pac. (2d) 124; *Crowley v. Idaho Industrial Training School,* 53 Ida. 606, 26 Pac. (2d) 180.)

Judgment reversed, and the cause remanded with instructions to the trial court to overrule the motions for nonsuit, and proceed with a retrial of the matter. Costs to appellant.

Holden and Ailshie, JJ., concur.

Budge, J., did not participate.

Morgan, J., deeming himself to be disqualified, did not sit with the court nor participate in the opinion.