**GENERAL ACCEPTANCE CORP.**

v.

**STACY.**

No. 34946.

Supreme Court of Oklahoma.

Feb. 23, 1954.

Fred W. Martin, Wagoner, for defendant in error.

PER CURIAM.

This is an action in replevin commenced by the General Acceptance Corporation, a corporation, hereinafter called the plaintiff, against Everet Stacy, doing business as Stacy Motor Company, hereinafter called the defendant. The trial was to the court and resulted in a judgment in favor of the defendant. Plaintiff appeals and assigns as error that the court rendered judgment for the defendant.

The facts are substantially as follows: On December 1, 1948, one J. W. Long purchased from the C & G Motor Company, Emmaus, Pennsylvania, the automobile in question, under a conditional sales contract. Thereafter, and in due course, said C & G Motor Company sold and assigned the contract to the plaintiff herein, and the plaintiff is the holder and owner thereof. At the time J. W. Long purchased said automobile the title certificate to the same conformed to the laws of the State of Pennsylvania, and the plaintiff at all times since purchasing said conditional sales contract had possession of said title certificate; J. W. Long never had possession of said title certificate. Long, at the time of purchasing said automobile, was employed in the State of Pennsylvania and used the automobile in connection with his work in Pennsylvania. On December 20, 1948, Long's company sent him to Oklahoma to work there, with the arrangement that Long could vacation during the holiday season and report for work to his employer at Cleveland, Oklahoma, on January 1, 1949. On December 20, 1948, Long left Allentown, Pennsylvania, and went to Baytown, Texas, to visit his father during the Christmas holidays. He arrived in Cleveland, Oklahoma, January 1, 1949, in possession of said automobile and retained possession thereof until April 18, 1949, when he sold the automobile to Hartness Motor Company. Hartness Motor Company obtained an Oklahoma certificate of title to said automobile, through some means unknown, and on April 28, 1949, sold the automobile

Ownby & Warren, Tulsa, for plaintiff in error.

to the defendant, endorsing the Oklahoma title certificate to him.

It was stipulated, and the trial court found, that reasonable travel time from Allentown, Pennsylvania, to Cleveland, Oklahoma, was five days. The conditional sales contract was not filed in Oklahoma until the expiration of more than 120 days following the entry of the automobile into Oklahoma on January 1, 1949. Parties further stipulated that the reasonable market value of the automobile was $865, and that there was due under the conditional sales contract $845.00 with interest and attorney's fee.

Plaintiff contends that where an automobile is sold under conditional sales contract in conformity with the laws of another State on property there located and the mortgaged property is thereafter removed to this State, such mortgage is constructive notice to subsequent purchasers of the property in this State for a period of 120 days, and one who purchases the property at any time during that period does so with constructive notice of the mortgage and the mortgagee may maintain an action against the purchaser for conversion after the expiration of the 120 day period notwithstanding the mortgage was not filed in this State within that time, and cites Motor Exchange v. Commercial Inv. Co., 151 Okl. 176, 3 P.2d 178. Plaintiff contends the constructive notice period would not end until 120 days from January 1, 1949.

The defendant contends that Section 59, Title 46, O.S.1951, applies. That the automobile was in transit to the county in Oklahoma where the property was to be used and the five days necessary to bring the car to Oklahoma should be counted as a part of the 120 days, citing Title 46 O.S.1951 § 59. Let us look at this section. Title 46 O.S.1951 § 59, provides:

"For the purposes of this article property in transit *from the possession of the mortgagee* to the county of the residence of the mortgagor, or to a location for use, is, during a reasonable time for transportation, to be taken as situated in the county in which the mortgagor resides, or where it is intended to be used. For a like purpose personal property used in conducting the business of a common carrier is to be taken as situated in the county in which the principal office or place of business of the carrier is located." (Emphasis added.)

With defendant's contention we cannot agree. Long purchased and used the automobile in question in his work in Pennsylvania. The transfer of the property from the mortgagee to the mortgagor took place in Pennsylvania. Where an automobile was sold under a conditional sales contract in Pennsylvania and the residence of the mortgagor was Pennsylvania and the car was used there, moving the automobile later to Oklahoma would not invoke section 59, Title 46 O.S. 1951. To apply the reasoning of the defendant, no matter how long the automobile had been used by the mortgagor the transit time would be included in the 120 day period each time the automobile was moved. Such was not the intention of the Legislature.

This court has not had this precise question before it, but see: New v. Malone, 199 Okl. 639, 189 P.2d 177; West v. Associates Discount Corp., 206 Okl. 44, 240 P.2d 1077; Cassity v. First National Bank, 143 Okl. 42, 287 P. 392.

Under the rule announced herein the judgment is reversed and the cause remanded with directions to render judgment for the plaintiff for the possession of said automobile, and in lieu thereof judgment for plaintiff upon the redelivery bond executed by Everet Stacy, as principal, and Pearl Stacy and Oscar Taylor, as sureties, in the sum of $845, with interest thereon at the rate of 6% per annum from the 18th day of August, 1949, until paid, and an attorney's fee in the sum of $126.75, and the costs of this suit.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, O'NEAL and WILLIAMS, JJ., concur.

BLACKBIRD, J., dissents.

This court acknowledges the services of attorneys Person E. Woodall, T. R. Bene-

dum and Paul W. Updegraff, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.